JOHN C. BAEUMEL, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. In a prosecution for carrying on the business of dealer in spirituous liquors without a license, under the act of March 5th, 1883, it was not necessary for the indictment to allege that the defendant was not a druggist at the time of the sales of liquor, nor that the liquor was not used by a druggist in compounding medicines and the preparation of prescriptions made by a regular practicing physician. If it was a fact that the liquor was sold as a component part of medicines upon such prescription, it was a matter of defense that the defendant could have availed himself of.

2. As a general rule, if there is an exception in the enacting clause of a statute, the party pleading must show that his adversary is not within the exception; but if there be an exception in a subsequent clause, or a subsequent statute, that is matter of defense, and is to be shown by the other party.

72 SUPREME COURT.

J. C. Baeumel, in error, v. The State of Florida—Opinion of Court.

3. A charge that " the fact that the defendant's place of business was a drug store does not raise any presumption in his favor, and if the State has proven to your satisfaction that any single sale of spirituous liquors was made by the defendant, and the defendant has not then shown that such sale was justified under the privileges of a druggist, which he claims, then you should convict:" *Held*, to be correct.

4. The penalty prescribed for the violation of the act under which the defendant was convicted, was not less than double the amount of the license required to authorize the selling of liquor, $600; and a fine of $900 for the violation of said act was not excessive.

Writ of Error to the Circuit Court, for Polk county.

The facts of the case are stated in the opinion.

*Wilson & Wilson, J. L. Albritton,* for Plaintiff in Error.

*The Attorney General* for Defendant in Error.

MITCHELL, J.: The plaintiff in error was tried and convicted at the fall term of the Circuit Court, 1889, for carrying on the business of dealer in spirituous, vinous and malt liquors without a license. Motion was made for new trial, which was overruled, and the case was brought here upon writ of error from the order of the Circuit Court overruling said motion.

The first error assigned is that the court erred in refusing to quash the indictment. The indictment contains four counts, the first of which charges the defendant with carrying on the business of dealer in spirituous liquors without a license ; the second charges him with carrying on the business of dealer in spirituous liquors, to-wit: whisky, rum and alcohol, without a license ; the third charges him with carrying on the business of dealing in malt liquors without a license ; and the fourth charges him with carrying on the business of dealing in malt liquors to-

JANUARY TERM, 1890. 73

J. C. Baeumel, in error, v. The State of Florida—Opinion of Court.

wit : lager beer, without a license. The defendant moved to quash the indictment : 1st, because the indictment does not charge any offense against the defendant; 2d, because the indictment is founded upon the general law of the State, which law received the signature of the Governor on the 5th day of March, 1883, and that the indictment does not allege facts and circumstances sufficient to bring the defendant within the terms of the statute ; 3d, because the indictment does not allege that the defendant was not a druggist; 4th, because the indictment does not allege that the whisky, wines and beer, alleged to have been sold, were not sold in the compounding of medicines and in the preparation of prescriptions made by regular practicing physicians; 5th, because the indictment does not allege that the whisky, wines and beer, alleged to have been sold, were not such mixtures as are made official in the United States Dispensatory ; 6th, because the indictment does not allege that the defendant was not a druggist, and that said liquors, wines and beer were sold in the manner prohibited in which druggists were authorized to sell the same, to-wit: in compounding medicines under a prescription of a regular practicing physician ; 7th, because of other good and sufficient reasons appearing upon the face of the indictment.

The defendant was indicted under the general revenue law of March 5th, 1883, chapter 3413 Laws of Florida, entitled "An act for the assessment and collection of revenue." The eleventh section of this act provides that "dealers in spirituous, vinous or malt liquors shall pay a license tax of three hundred dollars ($300) in each county for each place of business, and dealers paying the same and receiving a license therefor shall be authorized to sell spirituous, vinous and malt liquors, or any of such liquors; but neither spirituous, vinous nor malt liquors shall be permitted to be

sold unless said license tax is first paid, and a license there-for first taken out." And that "any person who shall sell spirituous, vinous or malt liquors, or any preparation com-posed, in whole or in part, of such liquors, shall be deemed a dealer in spirituous, vinous or malt liquors, within the meaning of this act; *Provided, however,* that a druggist shall be allowed to use spirituous, vinous or malt liquors in compounding medicines and the preparation of prescrip-tions made by regular practicing physicians; *provided, further,* that druggists may sell such mixtures as are made official in the United States Dispensatory, without being required to take out a license to sell spirituous, vinous or malt liquors." And the twelfth section of the same act fixes the penalty for selling spirituous, vinous and malt liquors at not less than double the amount required for such license.

The contention of plaintiff in error is that the indictment was defective in not alleging that the plaintiff in error was not at the time of the alleged selling of spirituous, vinous or malt liquors, a druggist, and cite the following authori-ties in support of this proposition: Humphries vs. State, 17 Fla., 381; 1 Bishop's Criminal Procedure, Section 519; Beasley vs. State, 18 Ala., 533; Sarah vs. State, 28 Miss, 267; 23 N. W. Reporter, 213; Thomson vs. State, 37 Ark., 408; State vs. Abbey, 29 Vt., 60–66; State vs. Keen, 34 Me., 500; State vs. Wade, 34 N. H., 495; Thompson vs. State, 54 Miss., 740; State vs. O'Donnell, 10 R. I., 472; U. S. vs. Cook, 17 Wall., 168; Best on Evidence, 1.

An examination of the cases and authorities cited *supra* shows that not one of them, except that in 37 Arkansas, fully sustains the doctrine contended for by the plaintiff in error; but on the contrary, they, with this single exception, show the converse of his proposition.

Mr. Bishop, in his work on Criminal Procedure, volume 1, section 639, lays down the doctrine upon this subject as follows : " In a statutory offence, it depends very much, though not exclusively, on the words of the statute whether a particular matter is one of defence or whether the negative of the matter enters into the definition of the crime. Therefore, as a general rule, we have what has already been laid down, namely, 'if there is an exception in the enacting clause, the party pleading must show that his adversary is not within the exception ; but, if there be an exception in a subsequent clause, or a subsequent statute, that is matter of defence, and is to be shown by the other party.'" And in note 3, cited by Mr. Bishop, there are collated a great number of cases supporting this doctrine, which are, in our opinion, conclusive upon the subject. But if further authorities could be required to sustain Mr. Bishop's view ot the subject, see Brittin vs. State, 5 English (Ark.), 299 ; Commonwealth vs. Hart, 11 Cush., 130 ; 2 Green's Crim. R., 247 ; Commonwealth vs. Clanahan, 2 Metcalfe (Ky.), 8 ; State vs. Cox, 32 Mo., 566 ; State vs. Cassady, 52 N. H., 500; State vs. Gurney, 37 Me., 149; State vs. Miller, 24 Conn.' 522 ; U. S. vs. Cook, 17 Wall., 168.

The enacting clause of the act of March 5th, 1883, under which the plaintiff in error was convicted, contains no exception or provisions as to druggists, and therefore it was not necessary for the indictment to allege that the accused was not, at the time of the alleged sales, a druggist, and consequently there was no error in the court overruling the motion to quash the indictment. If the fact existed that the defendant was a druggist at the time of the alleged sales of liquors by him, and that the liquors sold were sold as a component part of medicines upon the prescription of a regular practicing physician, that fact was a matter of defence that he could have availed himself of.

The second error assigned is, "that the court erred in allowing the State Attorney, over the objection of the defendant, to ask the witnesses Miller, Kilpatrick and Deshong, how and in what manner they bought any liquors, wines and beer from the defendant." These witnesses only stated that they bought whisky from the defendant or his clerk and how they paid for it, and we can see no objection to their testimony.

The third error assigned is, that the court erred in refusing to strike out the evidence of these witnesses upon defendant's motion, but we fail to see the error insisted upon.

The fourth error assigned is, that the court erred in charging the jury that " the fact that the defendant's place of business was a drug store does not raise any presumption in his favor, and if the State has proven to your satisfaction that any single sale of spirituous liquors was made by the defendant, and the defendant has not then shown that such sale was justified under the privileges of a druggist, which he claims, then you should convict." There is no objection to this part of the charge, unless it be that it is not full enough to show what the privileges of a druggist are under the statute which allows druggists, without taking out a license to sell liquors, to use spirituous, vinous and malt liquors in compounding medicines and preparing prescriptions made by physicians. But there is no contention that the liquor sold was used in compounding any medicine, or that it was sold for any preparation or prescriptions made by a regular practicing physician, but the evidence shows that the liquor sold was whisky " straight."

The fifth error assigned is, that the court erred in overruling and denying defendant a new trial upon each and every and all of the grounds of his said motion for new

trial.   There was no error in overruling the motion for new trial, as the indictment, trial, finding of the jury and sentence of the court conformed to law.

The sixth error assigned is, that the court erred in sentencing the defendant to pay a fine of $900 and all costs, the same being in excess of punishment fixed by statute in such cases.   As before stated, the sentence conformed to law.   Under the statute, the judge could not fine the accused less than double the tax required for a license to sell spirituous, vinous and malt liquors, six hundred dollars; but he could impose a fine in excess of that amount, provided the fine imposed did not violate the Bill of Rights, which prohibits "excessive" fines.   In the case of Frese vs. State, 23 Fla., 267, it is held that a fine of nine hundred dollars, under the same statute that the plaintiff in error was convicted under, was not excessive, and we so hold in this case.

The judgment of the Circuit Court is affirmed.