226 So.2d 32 (1969)
John Patrick MAGGARD, Appellant,
v.
STATE of Florida, Appellee.
Nos. 1747, 1863, 1864.
District Court of Appeal of Florida. Fourth District.
June 30, 1969.
Rehearing Denied September 10, 1969.
*33 Walter N. Colbath, Jr., Public Defender, and Bruce J. Daniels, Asst. Public Defender, West Palm Beach, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee and Charles W. Musgrove, Asst. Atty. Gen., West Palm Beach, for appellee.
REED, Judge.
The appellant, John Patrick Maggard, was charged by an information filed in the Criminal Court of Record for Palm Beach County, Florida, in Case No. 67C-963 with having escaped on 18 April 1967 from confinement in the Palm Beach County Stockade under a felony conviction. Appellant was also charged by an information filed in the same court in Case No. 67C-994 with having aided one Paul Griffin Williamson to escape from the lawful custody of an employee of the Palm Beach County Stockade on 19 April 1967.
The appellant was tried on 4 October 1967 in the Criminal Court of Record. The case was submitted to the jury which returned verdicts of guilty on each charge. A post-trial motion for new trial and for judgment notwithstanding the verdict was made and denied along with a reserved motion for directed verdict. A separate adjudication was entered in each case. Following the entry of the judgments and the sentences, the appellant filed an appeal from both judgments. Although several points have been raised for our consideration, it is our opinion that only one requires discussion, and that point relates to the sufficiency of the evidence to sustain the conviction for aiding the escape of Paul Griffin Williamson.
The appellant argues that proof of the reason for Williamson's custody is an essential element of the crime. Appellant says also that it is necessary to show that the escaped person was in custody under a conviction at the time of the escape.
The state's brief contains a rather remarkable answer to the appellant's contention. The state says that it was not necessary to show the precise cause of the detention, "* * * because punishment under Section 843.12 Fla. Stat., does not hinge upon the nature of the offense of the escapee. * * *" Of course it is true that the nature of the punishment under Section 843.12, F.S. 1967, F.S.A., for aiding an escape does not hinge upon the nature of the confinement of the escaped person, but what the state overlooks is that the very existence of the crime depends upon the lawful nature of the confinement at the time of the escape. While it is not necessary to show that the escaped person was being held under a conviction at the time of his escape, it is necessary under the pertinent statute to prove that the escaped person was in lawful custody at the time of the escape. See Section 843.12, F.S. 1967, F.S.A., and King v. State, 1900, 42 Fla. 260, 28 So. 206.
The only direct testimony with respect to Williamson was that of Eugene Handy and Harry Brown. Mr. Handy, a guard employed by the Palm Beach County Stockade, simply testified that Williamson was in his work crew and escaped therefrom on 19 April 1967 with the aid of the appellant. Mr. Brown, a deputy sheriff of Palm Beach County, testified he apprehended appellant and Williamson after they had fled the work crew. The only other testimony relating to Williamson was that contained in the testimony of Richard Lee Sheets, a detective with the Palm Beach County Sheriff's Office. Mr. Sheets testified that the appellant had admitted aiding Williamson and that, according to the appellant, *34 Williamson was serving time in the stockade. This testimony has no greater probative value with respect to the lawfulness of the confinement of Williamson than the testimony of Mr. Brown and Mr. Handy. The mere fact that someone is actually in custody is not proof of the lawful nature of that custody. Fulford v. State, Fla.App. 1959, 113 So.2d 572. We conclude that there was insufficient evidence to prove that Williamson was in lawful custody at the time appellant was shown to have aided his escape; therefore, the evidence was insufficient to sustain appellant's conviction for aiding Williamson's escape.
The judgment in Palm Beach County Criminal Court of Record Case No. 67C-963 involving the escape charge is affirmed. The judgment and sentence in Palm Beach County Criminal Court of Record Case No. 67C-994 is reversed and remanded for a new trial.
CROSS and OWEN, JJ., concur.