326 So.2d 204 (1976)
Jackie Carl ABBOTT, Appellant (Defendant),
v.
STATE of Florida, Appellee (State).
No. AA-146.
District Court of Appeal of Florida, First District.
February 5, 1976.
Richard W. Ervin, III, Public Defender, and Louis G. Carres, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Michael M. Corin, Asst. Atty. Gen., for appellee.
MILLS, Judge.
The defendant seeks reversal of judgments of conviction and sentence based upon jury verdicts finding him guilty of the crime of aiding two prisoners to escape.
The defendant contends that the judgments of conviction are fatally defective because the state failed to adduce evidence establishing that the prisoners were in lawful custody at the time of their escape.
The only testimony adduced by the state was that the prisoners were inmates at a prison camp on the date of their escape, and that one of the prisoners pled guilty to the charge of escape.
Section 843.12, Florida Statutes, provides that it is a crime to aid a person in escaping from an officer who is entitled to the lawful custody of the person. Proof that the escaped person was in lawful custody is necessary to a conviction for aiding escape. Evidence that the escaped person was in custody, without more, is insufficient to establish that he was in lawful custody. Maggard v. State, 226 So.2d 32 (Fla.App. 4th, 1969).
*205 In the case before us, the evidence was insufficient to sustain the defendant's conviction.
Reversed with directions to discharge the defendant.
BOYER, C.J., and McCORD, J., concur.