COBB, Judge.
The defendant below was convicted of escape in violation of section 944.40, Florida Statutes (1979), which provides:
Any prisoner confined in any prison, jail, road camp, or other penal institution, state, county, or municipal, working upon the public roads, or being transported to or from a place of confinement who escapes or attempts to escape from such confinement shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. The punishment of imprisonment imposed under this section shall run consecutive to any former sentence imposed upon any prisoner.
The definition of the word “prisoner” in the foregoing statute is supplied by section 944.02, Florida Statutes (1979):
(4) “Prisoner” means any person who is under arrest and in the lawful custody of any law enforcement official, or any person convicted and sentenced by any court and committed to any municipal or county jail or state prison, prison farm, or penitentiary, or to the custody of the department, as provided by law. (Emphasis added.)
The trial evidence presented by the state showed only that the defendant was confined in the jail, and that such confinement *494 was reflected by the sheriff’s jail log, and that he had been transported from the jail to the hospital emergency room, when the alleged escape occurred. The fact that the escape was from the hospital rather than directly from jail is not determinative of the issue raised by this appeal. Johnson v. State, 357 So.2d 203 (Fla. 1st DCA), cert. denied, 362 So.2d 1054 (Fla.1978). The issue is whether or not the state established a prima facie case sufficient to sustain an escape conviction merely by showing that the defendant was confined in a penal institution at the time.
It was necessary for the state to prove, as an essential element of the crime of escape, that the accused was in “lawful custody” as that term is defined in the above statutes. The requisite quantum of proof in a criminal case is “proof beyond and to the exclusion of reasonable doubt.” The state, merely by a showing of custody, even though such showing may support a reasonable inference of lawful custody, has not met the test to support a criminal conviction. King v. State, 42 Fla. 260, 28 So. 206 (Fla.1900); Fouts v. State, 374 So.2d 22 (Fla. 2d DCA 1979); Abbott v. State, 326 So.2d 204 (Fla. 1st DCA 1976); Estep v. State, 318 So.2d 520 (Fla. 1st DCA 1975); Maggard v. State, 226 So.2d 32 (Fla. 4th DCA 1969); Fulford v. State, 113 So.2d 572 (Fla. 2d DCA 1959). A reversal based on insufficiency of the evidence precludes retrial because of the double jeopardy clause. Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); Greene v. Massey, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).
Accordingly, the judgment of conviction for escape is
REVERSED.
SHARP, J., concurs specially with opinion.
COWART, J., dissents with opinion.