SHARP, Judge,
concurring and concurring specially.
I agree with the logic of the dissent in this case, but I am bound by the rules set down in Florida cases which have construed the “escape” statute.[1] In the context of pre-conviction and post-conviction escapes, the Florida appellate courts have required proof of something more than mere custody. For prisoners escaping after conviction, it is necessary to prove the prisoner had been convicted of a crime.[2] For persons escaping before trial, it is necessary to prove they were in the “lawful custody” of the police officers — which means proof of facts and circumstances to show the arrest was made, and that it was lawful. Estep v. State, 318 So.2d 520 (Fla. 1st DCA 1975).[3]
I agree with Judge Cowart that proof of a lawful arrest (i.e. probable cause to arrest or the commission of a misdemeanor in the presence of an officer) beyond a reasonable doubt may be a tall order, and accordingly may make proof of a pre-judgment escape charge unduly difficult. If this be so, then the Legislature should reexamine and redefine this crime. Until then, the courts will continue to read into section 944.40, Florida Statutes (1979) the element of “lawful custody” from section 944.02(4), Florida Statutes (1979).

. § 944.40, Fla.Stat. (1979).

. Abbott v. State, 326 So.2d 204 (Fla. 1st DCA 1976); Brochu v. State, 258 So.2d 286 (Fla. 1st DCA 1972); Abigando v. State, 239 So.2d 646 (Fla. 1st DCA 1970); Maggard v. State, 226 So.2d 32 (Fla. 4th DCA 1969); Fulford v. State, 113 So.2d 572 (Fla. 2d DCA 1959). Accord, United States v. DeCicco, 415 F.2d 799 (5th Cir. 1969); Harding v. State, 248 Ark. 1240, 455 S.W.2d 695 (1970); People v. Rivera, 37 Colo. App. 4, 542 P.2d 90 (1975); State v. Brothers, 472 S.W.2d 415 (Mo.1971); State v. Renstchler, 444 S.W.2d 453 (Mo. 1969); State v. Ledford, 9 N.C.App. 245, 175 S.E.2d 605 (1970); Rodriguez v. State, 457 S.W.2d 555 (Tex.Crim.App. 1970).

.See also King v. State, 42 Fla. 260, 28 So. 206 (1900); State v. Akers, 367 So.2d 700 (Fla. 2d DCA 1979); Johnson v. State, 357 So.2d 203 (Fla. 1st DCA 1978), which upheld informations in pre-conviction escape cases although they only alleged the defendant was in the authorities’ “lawful custody.” They infer, however, that proof of the circumstances of the arrest will be required at trial.