COWART, Judge,
dissenting:
This case involves the sufficiency of evidence in a trial for escape to support a jury finding that the defendant was in lawful custody.
Appellant was in custody in the Marion County Jail when he was escorted and transported by Deputy Sheriff Reagan to Munroe Hospital for emergency treatment. At the hospital, appellant assaulted Deputy Reagan, took his service revolver and fled. He was later apprehended and charged with escape, in violation of section 944.40, Florida Statutes (1979), which provides in part:
Any prisoner confined in any prison, jail ... or being transported to or from a place of confinement who escapes . . . shall be guilty....
Section 944.02(4), Florida Statutes (1979), provides:
“Prisoner” means any person who is under arrest and in the lawful custody of any law enforcement official, or any person convicted and sentenced by any court and committed ... as provided by law.
The only evidence at trial relating to appellant’s original commitment came from Deputy Sheriff Spangler. He testified that, as the correction sergeant working at the booking desk of the Marion County Sheriff’s Department, he had custody of the sheriff’s jail log, which records were kept in the normal course of business, and that those records showed that appellant was arrested and was in custody in that jail. Deputy Spangler identified appellant at trial as the prisoner whose custody he, Deputy Spangler, turned over to Deputy Reagan to transport to the hospital emergency room.
Appellant moved for a judgment of acquittal at the close of the State’s case and argued that the evidence was insufficient to prove lawful confinement under a valid arrest. From a final judgment of conviction, appellant appeals the trial court’s ruling denying his motion for judgment of acquittal on that ground.
First, I am not convinced that “lawfulness” is an element of the crime. Because the statute defining the crime of escape does not contain the qualifying adjective “lawful” before the word custody and because this criminal statute is displaced in the midst of a chapter dealing primarily with the administration of the state correctional system, insofar as the offense of escape is concerned, the legislative intent in placing the word “lawful” in the definition of “prisoner” is not clear. In fact, since the word “lawful” is not contained in section 944.40, which defines the crime of escape, and is contained only in the ancillary definition of the word “prisoner,” it could reasonably be argued that the unlawfulness of the confinement is an affirmative defense to be raised by the defendant under the language in Baeumel v. State, 26 Fla. 71, 7 So. 371 (1890), which stated the correct test to be:
[I]f there is an exception in the enacting clause, the party pleading must show that his adversary is not within the exception; but, if there be an exception in a subsequent clause, or subsequent statute, that is matter of defense, and is to be shown by the other party.
Id. 7 So. at 372 [emphasis added].
However, my real problem in this case is not with the statute or its construction. Even assuming that “lawful” custody or confinement is an element of the offense of escape to be alleged[1] and proved, I believe the State presented sufficient evidence to withstand a motion for judgment of acquittal and to take the case to the jury.
Florida Rule of Criminal Procedure 3.380(a) provides that if, at the close of the evidence for the State or at the close of all the evidence in the cause, the court is of the opinion that the evidence is insufficient to warrant a conviction, it may, and on motion shall, enter a judgment of acquittal. Numerous cases hold that, in moving for a judgment of acquittal, a defendant admits, not only all facts in evidence, but also every conclusion favorable to the State that the *496 jury might fairly and reasonably infer from the evidence.[2]
Sometimes criminal statutes themselves purport to make proof of one fact presumptive or prima facie evidence of another fact. Such provisions have been attacked, usually upon constitutional due process grounds, but, with certain qualifications, they have been upheld.[3] The legal analysis and rationale developed in such attacks on such statutory presumptions provide an apt analogy for use in the analysis of the question of what proven facts are sufficient as the basis upon which a jury may be legally permitted to draw an inference as to the existence of other facts essential to guilt in a criminal case. As to this analogy, the one important factor in determining the validity or constitutionality of a presumption contained in a criminal statute is the reasonableness of the relation between the presumed fact and the proven fact from which it is presumed. In order that a criminal statute creating a presumption from certain facts be valid, there must be some rational connection between the fact proven and the ultimate fact presumed and the inference of one fact from proof of another cannot be so unreasonable as to be purely arbitrary.
I see this case to be analogous to other well known instances where juries are permitted to draw similar inferences. The best known, perhaps, is the unexplained possession of recently stolen property which is now uniformly held to be legally sufficient to sustain a jury finding that the possessor was the thief, burglar or robber who stole the property, although in doing so the jury may reject other reasonable and plausible explanations for such possession which are consistent only with an innocent possession. As in the presumption permitted to be drawn from the unexplained possession of recently stolen property, such a holding does not deprive the defendant of his opportunity and right to present any proper evidence as to the “unlawfulness” of his custody for the jury to consider on that issue.
Under our jury trial system, the jury is uniquely qualified to determine the inferential connection, if any, between a given fact and an ultimate fact essential to guilt and to measure the strength and reasonableness of any rational connection. Since the process of determining the rationality of the connection between a fact proved and an ultimate fact presumed is, by its very nature, highly empirical, courts usually accord great weight to the jury’s capacity to amass its collective broad experience and common sense in everyday affairs of life, to consider the particular factual situation and to draw, or decline to draw, the inference that the State urges should be drawn from the proven fact, and as to weigh the strength of the inference in determining whether the State has met its burden of proving, to the satisfaction of the jury, guilt beyond a reasonable doubt.
The question in this case is whether it is reasonable to infer from proof of the fact that a person is actually confined as a prisoner in a legitimate prison or jail or is in the actual custody of a genuine law en- *497 forcemeat officer as his prisoner that such prisoner is in “lawful” custody. The jury made that inferential deduction in this case. Since it was based on a logical and probable connection with the antecedent fact, I decline to hold that the jury was unreasonable, as a matter of law, in doing so. I am aware that other district courts have held to the contrary in similar situations. Two such cases are Abbott v. State, 326 So.2d 204 (Fla. 1st DCA 1976), and Maggard v. State, 226 So.2d 32 (Fla. 4th DCA 1969). However, I feel those opinions and the majority opinion invade the province of the jury-
Courts and lawyers are accustomed to considering the word “lawful” as relating only to a legal conclusion reached after a disciplined inquiry by a trained, official, judicial entity, such as a trial court, and then considering whether the status of being “lawful” exists or not as a matter of some definite legal certainty. To the contrary, all proof exists only as a matter of probabilities and I see no logical error to view in that light the element of this offense added by the word “lawful” before the word “custody” in the statutory definition. As a matter of statistical probability, the chance of error inherent in allowing a jury to infer “lawfulness” of custody from the adduced fact of actual confinement by authorized law enforcement officers in authorized county jails and state prisons is substantially less than the chances of error necessarily inherent in allowing a jury to infer other ultimate facts relating to identification, requisite mental intent, etc. This is especially true in view of the usual questions of credibility and reliability always involved in testimony and other evidence. Since this was a reasonable inference based on the evidence adduced, the trial court correctly denied the appellant’s motion for judgment of acquittal.
What evidence would the majority require? Must the State present a hypothetical question to a qualified expert witness (a lawyer) to obtain evidence in the form of an expert opinion that the accused’s confinement was “lawful” because it was based on an arrest that was “lawful” because the arresting officer had probable cause or acted on a warrant that was legally sufficient? I do not believe that this element was intended to invariably require proof of the technical correctness of the circumstances underlying the original arrest of the prisoner, such as the validity of any warrant or compliance with the details of statutes, such as section 901.15, Florida Statutes, permitting arrests by officers without a warrant. Neither do I believe that this element was intended to infer that those in custody who believe they are innocent of crime, or that their custody is subject to legal technicalities, are entitled to attempt to escape. Prisoners are usually confined together where the creation of an avenue of escape for one would aid others to escape and that is itself, of course, a crime. Also, as in this case, an escape usually entails an assault with physical violence upon a law enforcement officer.[4] Even where an escape would not unlawfully aid others to escape or would not necessitate the unlawful use of force against law enforcement officers, such actions do create a substantial likelihood of injury to a person attempting to escape from actual custody and others and, therefore, particularly in view of present day speedy and fair trials, all persons in the custody of lawful authorities should look to the law for their deliverance and not attempt self-help.
I would not hold as a matter of law that all prisoners in all public jails and prisons are in lawful custody; only that in an escape case a trial judge does not err in denying a motion for a judgment of acquittal and in permitting a jury to consider evidence that a particular defendant was in the actual custody of the lawful authority as a prisoner as an inferential basis for a factual finding that such defendant was in *498 lawful custody. When a jury is so satisfied by such evidence that they believe beyond a reasonable doubt such custody was lawful, the jury’s finding is not unreasonable as a matter of law and is sufficient to support a verdict as to this particular. I see this as going to the weight of evidence and not as being a rule of substantive law to be decided by the judge. The jury knows when it does or does not have a doubt and measures the degree and reasonableness of its doubts. It speaks by its verdict.
The quantum of proof in a criminal ease, being “beyond a reasonable doubt,” is for the jury and in this case (and in Abbott and Maggard) the jury’s composite common sense and experience in everyday affairs told them that it was reasonable and safe (beyond a reasonable doubt) to infer that a person in actual custody of genuine law officers or confined in official government jails and prisons was for all practical purposes there “lawfully.” The trial judge in those cases agreed. Appellate cases reversing that finding are holding as a matter of law that such inferences are unreasonable and that there is no rational connection between the fact proven (actual custody) and the ultimate fact inferred by the jury (lawful custody). Such is beyond the proper province of an appellate court review. As stated by the Florida Supreme Court,
an appellate court should not retry a case or reweigh conflicting evidence submitted to a jury or other trier of fact. Rather, the concern on appeal must be whether, after all conflicts in the evidence and all reasonable inferences therefrom have been resolved in favor of the verdict on appeal, there is substantial, competent evidence to support the verdict and judgment. (emphasis added)
Tibbs v. State, 397 So.2d 1120, 1123 (Fla.1981). The appellate court here,[5] as in Abbott and Maggard, is merely reweighing the inferential aspect of the evidence and substituting their opinion for the jury’s determination. Court cases reversing criminal convictions because of mere disagreement with a reasonable, common sense finding of fact by a jury are perhaps the chief cause of public dissatisfaction with our criminal justice system. Matters determined by inductive reasoning, such as the reasonableness of inferences, should be determined by the experience of many, not the opinions of few. When there is absolutely no direct evidence and no evidence from which the jury can draw a reasonable inference as to an essential fact, then a judgment of acquittal must be entered, but not otherwise. Under the majority’s holding, the State must, as to all factual findings, convince beyond a reasonable doubt, first the trial judge, then the jury and last the appellate court.

. See Gray v. State, 404 So.2d 388 (Fla. 5th DCA 1981).

. As cogently stated by the supreme court in Lynch v. State, 293 So.2d 44 (Fla.1974):
A defendant, in moving for a judgment of acquittal, admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence. The courts should not grant a motion for judgment of acquittal unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law. Where there is room for a difference of opinion between reasonable men as to the proof or facts from which an ultimate fact is sought to be established, or where there is room for such differences as to the inferences which might be drawn from conceded facts, the Court should submit the case to the jury for their finding, as it is their conclusion, in such cases, that should prevail and not primarily the views of the judge. The credibility and probative force of conflicting testimony should not be determined on a motion for judgment of acquittal.
Id. at 45.

. See Annot., 23 L.Ed.2d 812 (1970); Annot., 13 L.Ed.2d 1138 (1965); Annot., 162 ALR 495 (1946); Annot., 86 ALR 179 (1933); Annot. 51 ALR 1139 (1927) (all relating to the constitutionality of criminal statutes making one fact presumptive or prima facie evidence of another).

. Note the public policy in section 776.051(1) which provides, without reference to whether or not an attempted arrest is valid, that a person is not justified in the use of force to resist an arrest by a law enforcement officer who is known to be, or reasonably appears to be, a law enforcement officer. See Lowery v. State, 356 So.2d 1325 (Fla. 4th DCA 1978).

. While the majority concedes that a showing of custody may support a reasonable inference of lawful custody, they reverse the trial court’s ruling on a judgment of acquittal because the State has failed to carry its requisite quantum of proof.