PER CURIAM.
The appellants in this case are father and daughter. Their convictions arose out of an incident which occurred when a deputy sheriff came to their home to serve a warrant for the arrest of a visitor and they intervened on behalf of the visitor.
Two of the charges made against appellants were resisting arrest with violence, pursuant to Section 843.01, Florida Statutes (1979), and battery on a law enforcement officer, pursuant to Section 784.-07, Florida Statutes (1979). The issue raised as to these charges is whether the trial court erred in denying appellants’ motion to compel election between counts made at the close of the state’s case and renewed at the end of all the evidence.[1] We think not.
Appellants cite in support of their contention that it was error the cases of Soverino v. State, 356 So.2d 269 (Fla.1978), and Meeks v. State, 369 So.2d 109 (Fla. 1st DCA 1979). In Soverino the Supreme Court stated that the statutes at issue frequently overlap and “a prosecutor is imbued .. . with the discretion to decide under which statute he wishes to charge.” In Meeks this court held that under the facts of that case, the defendant was chargeable under either Section 784.07 or 843.01. Appellants reason that since appellants may be charged under either statute, they may not be charged under both, but acknowledge that they can cite no Florida case which so holds.
Appellants’ argument and characterization of the evidence presented at trial establishing identical proof for both offenses ignores the fact that the crimes, as charged, specified different acts committed by them in support of the offenses. The charge in Count I was that appellants resisted arrest with violence by pushing and holding the deputy sheriff and attempting to get his firearm. The charge in Count II was that they committed a battery on the law enforcement officer by striking and attempting to choke the deputy sheriff. There is no contention in this appeal that the evidence is not sufficient to support the convictions.[2] Thus, under the circumstances of this case, the offenses do not overlap and the proof required is not identical. Compare, Walker v. State, 386 So.2d 630 (Fla. 5th DCA 1980).
*1230 In affirming the action of the trial judge, we need not reach and do not reach the question of whether it would have been error to deny the motion to compel election of counts if the offenses did overlap.
Appellants’ argument on this point also asserts that when two crimes arise out of the same criminal act, the defendants cannot be charged twice for the same act. This contention ignores the existence of Section 775.021(4), Florida Statutes (1979).
The second issue raised is the denial of the motion for a judgment of acquittal on the charge of aiding or assisting a person to escape, pursuant to Section 843.12, Florida Statutes (1979). Appellants urge that in order to prove aiding an escape the state must establish that there was custody and that it was lawful.
The relevant evidence established that the deputy sheriff had a warrant for the arrest of Kenneth Durrance, the Duprees’ visitor, and that when he attempted to arrest Durrance a struggle ensued and the Duprees intervened. At one point Dur-rance got away and ran, but the deputy sheriff caught him and wrestled him to the ground, at which point Judy Dupree placed a pair of binoculars taken from the deputy’s automobile around the deputy’s neck and tightened the strap. Others then came to the deputy’s aid.
Appellants contend first of all that there was no evidence that the custody was lawful because the state failed to prove that the arrest warrant was valid. The circumstances here are distinguishable from those present in Abbott v. State, 326 So.2d 204 (Fla. 1st DCA 1976), and Maggard v. State, 226 So.2d 32 (Fla. 4th DCA 1969), where it was shown that the persons who escaped were “prisoners” or were confined, but where it was not shown that the confinement was lawful. Here, the evidence was that the deputy sheriff had placed or was placing Durrance under arrest and that he had verified that there was an arrest warrant out for Durrance. In the absence of evidence to the contrary, custody pursuant to an arrest warrant will be presumed valid. Compare, Parrish v. State, 90 Fla. 25, 105 So. 130 (1925).
As for the challenge to the proof that Durrance was in fact in custody, we point out that the actual offense is defined by Section 843.12, as including aiding an escape or attempted escape from an officer or person “who has or is entitled to the lawful custody of such person.” We think it clear that an officer serving an arrest warrant is entitled to custody of the person named in the warrant. Accordingly, we find the challenge to the conviction for aiding an escape to be without merit.
AFFIRMED.
ROBERT P. SMITH, Jr., C. J., and McCORD and MILLS, JJ., concur.

. We are not here asked to rule on the propriety of entry of judgment and sentence on both offenses or on the sufficiency of the evidence.

. However, Horace Dupree was convicted of the lesser included offense of assault on a law enforcement officer, not the battery. Judy Du-pree was convicted as charged.