COWART, Judge,
concurring specially:
We are affirming a conviction for escape (§ 944.40, Fla.Stat. (1981)) from a county jail where the only evidence that the defendant was in “lawful custody” (§ 944.-02(4), Fla.Stat. (1981)) was that at the time he escaped he had been arrested and confined as a prisoner in the county jail in the custody of the county sheriff. The arresting officer only identified Benevento as the man he arrested and placed in the county jail in the custody of the county sheriff but there was no evidence that the arrest was made pursuant to a valid arrest warrant or, under circumstances when an arrest by an officer without warrant is lawful (§ 901.15, Fla.Stat. (1981)). Both parties to this appeal think this court’s decision in Williams v. State, 416 So.2d 493 (Fla. 5th DCA 1982), is in point and I agree. The State notes that the interpretation of Baeumel v. State, 26 Fla. 71, 7 So. 371 (1890), made by the dissent in Williams and in Hicks v. State, 407 So.2d 252 (Fla. 5th DCA 1981), was approved by the Supreme Court of Florida in State v. Hicks, 421 So.2d 510 (Fla.1982). As stated in the dissent in Jones v. State, 415 So.2d 852 (Fla. 5th DCA 1982), this court should not hedge but should be true to a bad precedent or recede from it.