444 So.2d 13 (1984)
STATE of Florida, Petitioner,
v.
Donald WILLIAMS, Respondent.
No. 62387.
Supreme Court of Florida.
January 12, 1984.
*14 Jim Smith, Atty. Gen., Tallahassee, and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for petitioner.
James B. Gibson, Public Defender, Daytona Beach, and Brynn Newton, Asst. Public Defender, Daytona Beach, for respondent.
ADKINS, Justice.
This cause is before us on a petition to review the decision of the Fifth District Court of Appeal in Williams v. State, which is reported at 416 So.2d 493 (Fla. 5th DCA 1982). This decision conflicts with Fouts v. State, 374 So.2d 22 (Fla. 2d DCA 1979). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The respondent, Donald Williams, was charged, tried and convicted of escape in violation of section 944.40, Florida Statutes (1979), in the circuit court of Marion County, Florida. At the close of the prosecution's case in the trial court, William's defense counsel sought acquittal for the escape alleging that while the state proved custody, it never proved the validity of the pre-custodial arrest. This motion was denied. On appeal the district court considered the issue of whether the motion for acquittal should have been granted and reversed the trial court. The district court stated:
It was necessary for the state to prove, as an essential element of the crime of escape, that the accused was in "lawful custody" as that term is defined in the above statutes. The requisite quantum of proof in a criminal case is "proof beyond and to the exclusion of reasonable doubt." The state, merely by a showing of custody, even though such showing may support a reasonable inference of lawful custody, has not met the test to support a criminal conviction.
416 So.2d at 494 (citations omitted).
The district court's determination that proof that the accused was in "lawful custody" is an essential element of the crime of escape was based on its reading of two statutes. Section 944.40 provides:
Any prisoner confined in any prison, jail, road camp, or other penal institution, state, county, or municipal, working upon the public roads, or being transported to or from a place of confinement who escapes or attempts to escape from such confinement shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. The punishment of imprisonment imposed under this section shall run consecutive to any former sentence imposed upon any prisoner.
The district court then looked to the definition of the word "prisoner" as supplied by section 944.02, Florida Statutes (1979):
(5) "Prisoner" means any person who is under arrest and in the lawful custody of any law enforcement official, or any person convicted and sentenced by any court and committed to any municipal or county jail or state prison, prison farm, or penitentiary, or to the custody of the department, as provided by law.
The district court found that the evidence presented by the state at the trial level showed only that the defendant was confined in the jail as evidenced by the jail log and that he had been transported from the jail to the hospital emergency room when the alleged escape occurred. The court concluded that this evidence was insufficient to support a criminal conviction and reversed the judgment of conviction for escape.
The petitioner, the State of Florida, argues that once the state proved Williams was a prisoner, carried on the log as such, *15 booked, and wearing prison garb, it had proved Williams was a "prisoner" as required by section 944.40. The next step, the state contends, was for Williams to show that he was not a prisoner, but was being kept unlawfully. The state relies on Judge Cowart's assessment in his dissenting opinion that Baeumel v. State, 26 Fla. 71, 7 So. 371 (1890), controls. That case says:
[I]f there is an exception in the enacting clause, the party pleading must show that his adversary is not within the exception; but, if there be an exception in a subsequent clause, or subsequent statute, that is matter of defense, and is to be shown by the other party.
26 Fla. at 75, 7 So. at 372.
The state further maintains that Fouts v. State, 374 So.2d 22, 24 (Fla. 2d DCA 1979), precludes the state from showing the circumstances of William's confinement because of the possible prejudice which would result from introduction of the details of the nature of his arrest. In Fouts, the appellant's status as a prisoner with respect to section 944.40 arose from the fact that he had been convicted of a crime, sentenced and committed to a state correctional institution. Therefore, the fact of his prior conviction was held to be an essential element of the charge of escape. The Fouts court adopted the reasoning of the United States Court of Appeals for the Fifth Circuit in United States v. Spletzer, 535 F.2d 950 (5th Cir.1976), and stated that the state should have proceeded in one of two ways to avoid potential prejudice to a defendant charged with the offense of escape: it could accept the offer of the defendant to admit or stipulate to the fact he had been previously convicted of a federal crime, or the prosecution could introduce into evidence a certified copy of the prior judgment of conviction. 374 So.2d at 25.
The instant case deals with actions of the respondent, Williams, which are prior to any judgment of conviction. Nevertheless, the concerns which prompted the decision in Fouts are applicable. The appellant would undoubtedly be prejudiced by the introduction of the required proof of the details of the nature of his arrest.
We must conclude that the majority opinion of the district court is incorrect and requires an unreasonable burden on the part of the state. We agree with Judge Cowart's belief, expressed in his dissenting opinion, that the element of custody was not intended by the legislature to invariably require proof of the technical correctness of the circumstances underlying the original arrest of the prisoner, such as the validity of any warrant or compliance with the details of statutes, such as section 901.15, Florida Statutes (1981), which permits arrests by officers without a warrant. Because the statute defining the crime of escape does not contain the qualifying adjective "lawful" before the word "custody," the legislative intent in placing the word "lawful" in the definition of "prisoner," which is contained in the midst of a chapter of the statutes dealing primarily with the administration of the state correctional system, is not clear. We think the most reasonable interpretation and that which best serves the ends of justice is that the unlawfulness of the confinement is an affirmative defense to be raised by the defendant. See Baeumel, 26 Fla. at 75, 7 So. at 372. We feel the presumption of lawful custody exists when the state proves that the person is confined in any "prison, jail, road camp, or other penal institution ... working upon the public roads, or being transported to or from a place of confinement." § 944.40, Fla. Stat.
The important factor in determining the validity or constitutionality of a presumption contained in a criminal statute is the reasonableness of the relationship between the presumed fact and the proven fact from which it is presumed. There must be some rational connection between the fact proven and the ultimate fact presumed. Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969); Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943). The jury determines the inferential connection and measures the strength and reasonableness of *16 any rational connection. We agree with Judge Cowart again, who states the following in his dissent:
The question in this case is whether it is reasonable to infer from proof of the fact that a person is actually confined as a prisoner in a legitimate prison or jail or is in the actual custody of a genuine law enforcement officer as his prisoner that such prisoner is in "lawful" custody. The jury made that inferential deduction in this case. Since it was based on a logical and probable connection with the antecedent fact, I decline to hold that the jury was unreasonable, as a matter of law, in doing so. I am aware that other district courts have held to the contrary in similar situations. Two such cases are Abbott v. State, 326 So.2d 204 (Fla. 1st DCA 1976), and Maggard v. State, 226 So.2d 32 (Fla. 4th DCA 1969). However, I feel those opinions and the majority opinion invade the province of the jury.
416 So.2d at 496-97.
The trial court correctly denied the petitioner's motion for judgment of acquittal. Accordingly, we quash the decision of the district court and remand same with instruction to affirm the conviction.
ALDERMAN, C.J., and BOYD, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.