BOARDMAN, Acting Chief Judge.
Appellant challenges his conviction and sentence for escape under section 944.40, Florida Statutes (1981), on three grounds; we reverse on the basis of the sole point which we consider to have merit.
Appellant allegedly escaped from the Lee County jail while awaiting sentencing on three convicted offenses. During the jury trial on the escape charge, the state attempted to establish appellant’s status as a prisoner under section 944.40 by showing that he had been lawfully arrested, incarcerated, brought to trial, convicted, and held without bond pending sentencing on the three convicted offenses. Consistent with this line of proof, Lt. Thomas J. Wallace of the Lee County Sheriff’s Department testified over defense counsel’s objection concerning the circumstances surrounding appellant’s arrest on the three initial charges. Wallace’s testimony not only disclosed the nature of the three offenses, but also outlined the factors establishing probable cause for appellant’s arrest. Specifically, Lt. Wallace revealed that he arrested appellant after an apprehended suspect identified appellant as the “mastermind” of the various offenses. We believe that this prejudicial testimony necessitates a new trial.
The supreme court held in State v. Williams, 444 So.2d 13, 15 (Fla.1984), that a presumption of lawful custody exists when the state proves that an accused was confined in any of the penal institutions described in section 944.40. Thus, the unlawfulness of the confinement constitutes an affirmative defense to be raised by the accused, and the state is not required to prove the technical correctness of the prisoner’s original arrest. Indeed, as the supreme court recognized in Williams, the accused undoubtedly would be prejudiced by the introduction of proof detailing the nature of his arrest. 444 So.2d at 15.
*346 While the state did not have benefit of Williams when this' case was tried, it is clear that appellant’s conviction was obtained in a prejudicial manner and, thus, cannot stand. Accordingly, we REVERSE and REMAND for proceedings consistent with this opinion.
GRIMES and CAMPBELL, JJ., concur.