WENTWORTH, Judge.
Appellant seeks review of a judgment of conviction and sentence for the offense of possession of a firearm by a convicted felon. We find that appellant has presented no point of reversible error and we therefore affirm the judgment and- sentence appealed.
Prior to trial appellant filed motions seeking to preclude “any mention of the nature of” a prior conviction. The court denied appellant’s motions and at trial, over appellant’s objection, a certified copy of a prior judgment of conviction for escape was introduced into evidence. Appellant asserts that the jury was thus impermissi-bly apprised that he was in custody before his earlier offense.
In State v. Williams, 444 So.2d 13 (Fla.1984), the court indicated that a defendant “would undoubtedly be prejudiced by the introduction of ... the details of the nature” of a prior offense. However, Williams did not expressly recede from or otherwise qualify Parker v. State, 408 So.2d 1037 (Fla.1982), which established that a certified copy of a prior conviction may be introduced into evidence if such prior conviction is an essential element of a charged offense. Unlike the present case and Parker, in which the charged offense was possession of a firearm by a convicted felon, Williams was an escape prosecution which required proof of lawful custody rather than a prior conviction. The present case is thus controlled by Parker, and since appellant’s prior conviction is an essential element of the charged offense it was permissible to introduce into evidence a certified copy of such prior conviction.
After trial appellant became aware that a juror had, during a trial recess, undertaken an independent view of the scene of the charged offense. The court was made aware of this circumstance and, with the participation of counsel for both appellant and the state, hearings were held with the juror in question and the jury foreman. The court determined that the offending juror had made a cursory view of the premises and drawn a sketch thereof in the jury room.
Jurors may not, of course, receive any information or evidence that has not been introduced at trial. See e.g., Bottoson v. State, 443 So.2d 962 (Fla.1984); Russ v. State, 95 So.2d 594 (Fla.1957). However, such impropriety warrants a mistrial only if prejudice resulted. See Bottoson, supra; Russ, supra. Similarly, Fla.R.Crim.P. 3.600(b)(2) provides for a new trial where the jury received any evidence out of court, but only where the “substantial rights of the defendant were prejudiced thereby.” In the present case the court’s inquiry revealed that the offending juror’s personal view of the scene was of but momentary duration, without substantial informative value, and did not taint the jury’s deliberative process. It was thus ascertained that the impropriety was not of such a character as to probably influence the jury or otherwise raise a presumption of prejudice. The asserted impropriety may accordingly be considered harmless and does not require a mistrial. Compare Russ, supra.
Appellant having failed to present any point of reversible error, the judgment and sentence appealed are hereby affirmed.
SHIVERS and NIMMONS, JJ., concur.