517 So.2d 134 (1987)
Jeffrey SANDERS, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-1311.
District Court of Appeal of Florida, Fourth District.
December 30, 1987.
*135 Richard L. Jorandby, Public Defender, Thomas F. Ball, III, Asst. Public Defender, and Leonardo Viota Sesin, Legal Intern, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Eddie J. Bell, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Chief Judge.
Jeffrey Sanders, while incarcerated on a previous conviction, was observed conducting certain activity at a window of the prison. As a result, he was tried and convicted of the charge of attempted escape. He appeals his conviction on two grounds, the first of which requires reversal.
The trial court permitted the jury to consider the Information underlying appellant's earlier conviction and to take it to the jury room. Appellant alleges error in that the Information recited serious crimes, knowledge of which prejudiced the jury. The state responds that introduction of the Information was necessary to prove that appellant was in lawful custody, a necessary element to the current charge of escape from lawful confinement.
The statute under which appellant was charged, section 944.40, Florida Statutes (1985), provides:
Any prisoner confined in any prison, jail, road camp, or other penal institution, state, county, or municipal, working upon the public roads, or being transported to or from a place of confinement who escapes or attempts to escape from such confinement shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. The punishment of imprisonment imposed under this section shall run consecutive to any former sentence imposed upon any prisoner.
Testimony of state witnesses established that appellant was confined in prison. Evidence that one is confined in prison raises a presumption of lawful custody. State v. Williams, 444 So.2d 13 (Fla. 1984). No evidence having been proffered to rebut the presumption, there was no necessity to introduce the Information into evidence.
We agree with the appellant's position and reverse. The convictions for which appellant was serving time in prison were serious offenses and were not relevant to the issue of attempted escape. Introduction of the Information was highly prejudicial.
Our failure to treat appellant's additional argument for reversal should not be taken as tacit approval of some of the remarks made by the state in closing argument. We simply observe that it is unnecessary to examine additional points because of our determination that use of the Information on the facts of this case requires that we reverse and remand for a new trial.
REVERSED AND REMANDED.
WALDEN, J., concurs.
WEBSTER, PETER D., Associate Judge, concurs with opinion.
WEBSTER, PETER D., Associate Judge, concurring.
I agree that appellant's conviction must be reversed and the case remanded for a new trial for the reason stated. However, I find myself compelled to comment on the prosecutor's actions at trial.
A prosecuting attorney is a public officer possessing considerable power. He or she *136 is also, however, an officer of the court. As such, his or her principal responsibility is not to procure convictions; rather, it is to insure that justice is done, regardless of the outcome in any particular case. Newton v. State, 178 So.2d 341 (Fla.2d DCA 1965). In this sense, a prosecuting attorney is the holder of a great public trust. He or she is charged with defending and preserving the constitutions of this State and of the United States, including that portion of each which affords to one accused of crime the right to due process of law  that the game will be played according to the rules, so to speak.
In my opinion, the prosecutor in this case repeatedly  and deliberately  ignored her obligation to the public and to our system of justice. She was concerned only with obtaining a conviction, and was prepared to use any means to achieve that end. The result was that the game was not played according to the rules; justice was not done; and the defendant's right to a fair trial was denied. There is no place in our system of justice for such attitudes, and they should not be tolerated.