WIGGINTON, Judge.
Appellant appeals his convictions, after jury trial, of first degree premeditated murder and conspiracy to commit murder. We affirm.
Of the numerous issues raised by appellant, only the one in which he asserts that juror misconduct entitles him to a new trial merits discussion. In denying the motion for new trial, the trial judge found that inadvertent juror misconduct did occur when during deliberations, one juror, with no improper intent or motive, produced a pocket dictionary that she carried in her purse. She attempted to look up the term “reasonable doubt,” which had been the subject of one of the jury instructions given by the court. Since that term was not in her dictionary, she checked the word “reason” which was defined as “explanation; cause, ability to think, think logically” and the word “logic” which was defined as “reasoning, science of reasoning.” She shared those definitions with some of the other jurors. As the trial judge found, her action did violate the spirit of Florida Rules of Criminal Procedure 3.400 and 3.410, which govern what materials are permitted in the jury room and provide that any request for additional instructions by the jury shall be given only after notice to the prosecuting attorney and defense counsel.
Several days after the conclusion of the trial, appellant moved for a new trial based *570 in part upon his discovery of the above information. Thereafter, each juror was deposed regarding this issue. After reading the transcript of all of those depositions, we find, as did the trial judge, that although six jurors indicated that they believed the reading of the dictionary’s definition did affect the verdict of one or two of the other jurors, every juror stated that his or her own verdict was based only upon consideration of the evidence and the instructions given by the court. Despite the State’s concession that a new trial was mandated under these facts, in a lengthy and well-reasoned order, the trial judge determined that this type of jury misconduct is not per se reversible error.. He stated:
The jury misconduct surrounding its unauthorized use of the pocket dictionary did not affect the verdict of any juror or prejudice any juror, and did not affect any substantial right of Doutre so as to result in error so prejudicial as to vitiate his trial. The error was harmless beyond a reasonable doubt, considering the overwhelming proof of his guilt of the crimes for which he was convicted. It is axiomatic that no criminal defendant is entitled to a perfect trial, but only to a fair trial. Doutre’s trial may not have been a perfect trial, but it was certainly a fair trial before a fair jury he helped choose.
He relied upon United States v. Steele, 785 F.2d 743 (9th Cir.1986), in which the court reached the same conclusion under similar facts. In White v. State, 462 So.2d 52 (Fla. 1st DCA 1984), this Court recognized that jurors may not receive any information or evidence that has not been introduced at trial but concluded that any extrinsic evidence received by the jury will mandate a new trial only where the “substantial rights of the defendant were prejudiced thereby.” See also U.S. v. Dynalectric Company, 859 F.2d 1559 (11th Cir.1988), in which the court concluded that unauthorized extrinsic evidence considered by a jury during deliberations did not taint the jury’s verdict and thus did not constitute reversible error. We agree with the trial judge that the introduction of the unauthorized dictionary definition during the jury’s deliberations in this case was improper but did not affect the jury’s verdict and thus does not constitute reversible error.
We have considered appellant’s other points and find them to be without merit.
AFFIRMED.
WENTWORTH and THOMPSON, JJ., concur.