PER CURIAM.
Jimmie Williams appeals his conviction and sentence for attempted escape under section 944.40, Florida Statutes (1999), which prohibits the escape of any prisoner who is in confinement or being transported to or from a place of confinement. Williams contends that he was not a “prisoner” under section 944.02(5), Florida Statutes (1999), because the statute defines “prisoner” as a person who is “in the lawful custody of any law enforcement official,” whereas he was in the custody of a Pinkerton security guard. We find the term “law enforcement official” sufficiently broad so as to include a private security guard under the facts of this case and affirm.
Williams had been convicted of an offense and was in the custody of the Jacksonville Sheriffs Office pending sentencing when he was transported to a hospital for medical treatment. Pinkerton had a contract with the Jacksonville Sheriffs Office to escort prisoners who are in hospital facilities anywhere in the county. While at the hospital, Williams attempted to escape from his guard.
The legislature chose not to define “law enforcement official” in section 944.02(5), and we reject Williams’ suggestion that the term is equivalent to “law enforcement officer” as defined in section 943.10(1), Florida Statutes (1999), or section 784.07(l)(a), Florida Statutes (1999), which would exclude a private security guard. *1264 The supreme court has stated that sections 944.40 and 944.02(5) should not be narrowly construed in a manner that would vitiate the legislature’s clear intent to prohibit persons in lawful custody from escaping. See, e.g., State v. Ramsey, 475 So.2d 671 (Fla.1985); State v. Williams, 444 So.2d 13 (Fla.1984).
AFFIRMED.
ERVIN, LAWRENCE and PADOVANO, JJ., CONCUR.