SILBERMAN, Judge.
Howard B. Hale challenges the summary denial of his motion for post-conviction relief alleging ineffective assistance of counsel pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part, reverse in part, and remand for further proceedings.
Hale was convicted of possession of cocaine, delivery of cocaine within 1000 feet of a school or child care facility, and obstructing or opposing an officer without violence. This court affirmed his direct appeal without a written opinion. See Hale v. State, 798 So.2d 733 (Fla. 2d DCA 2001). In his post-conviction motion, Hale raised four issues, two of which require reversal.
In grounds one and two of his motion, concerning the conviction under section 893.13(l)(c), Florida Statutes (1999), for delivery of cocaine within 1000 feet of a school or child care facility, Hale alleged that his trial counsel was ineffective because he failed to establish, as a defense to the charge, that a sign had not been posted identifying the facility as a child care facility. Section 893.13(l)(c) makes it unlawful for any person to deliver a controlled substance within 1000 feet of real property comprising a child care facility or elementary, middle, or secondary school between 6 a.m. and 12 a.m. Section *1126 893.13(l)(c) also contains an exception that provides as follows:
This paragraph does not apply to a child care facility unless the owner or operator of the facility posts a sign that is not less than 2 square feet in size with a word legend identifying the facility as a licensed child care facility and that is posted on the property of the child care facility in a conspicuous place where the sign is reasonably visible to the public.
Hale claimed that trial counsel should have investigated and interviewed listed witnesses and presented testimony and other evidence to establish the defense.
The trial court summarily denied relief, stating that grounds one and two of the post-conviction motion had been raised on direct appeal. However, as this court stated in Corzo v. State, 806 So.2d 642, 645 (Fla. 2d DCA 2002), “unless a direct appeal is affirmed with a written opinion that expressly addresses the issue of ineffective assistance of counsel, an affirmance on direct appeal should rarely, if ever, be treated as a procedural bar to a claim for ineffective assistance of counsel on a post-conviction motion.” Here, the direct appeal was affirmed without a written opinion.
On direct appeal, Hale argued, in part, that the State failed to prove that a sign was posted identifying the facility as a day care facility. The State, citing State v. Robarge, 450 So.2d 855 (Fla.1984), and Baeumel v. State, 26 Fla. 71, 7 So. 371 (1890), responded that the absence of a sign was an affirmative defense that Hale had to prove at trial. The State also argued that Hale had not raised or preserved this issue at trial and that the record contained no proof that a sign was not present.
Thus, the direct appeal did not resolve the issues in grounds one and two of Hale’s rule 3.850 motion that trial counsel was ineffective in failing to establish the defense that no sign was posted identifying the facility as a child care facility. Because the trial court denied relief on the post-conviction motion based on its erroneous conclusion that the issue had been resolved on direct appeal, we reverse the order denying relief as to grounds one and two. On remand, the trial court may again summarily deny relief if it can attach portions of the record that conclusively refute Hale’s claims. To the extent that the claims are not conclusively refuted by the record, the trial court must conduct an evidentiary hearing to resolve them. Finally, we find no error in the trial court’s denial of Hale’s other claims and affirm the denial of those claims without discussion.
Affirmed in part, reversed in part, and remanded.
STRINGER and VILLANTI, JJ„ Concur.