EVANDER, J.
Cleveland Monroe seeks review of the trial court’s summary denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. We reverse.
Monroe was convicted, after a jury trial, of (1) possession of cocaine with intent to sell within 1000 feet of a child care facility, and (2) sale of cocaine within 1000 feet of a child care facility.[1] The evidence introduced at trial included testimony that Monroe’s alleged criminal actions occurred approximately 500 feet from Guardian Angels, a licensed child care facility.
In his motion for postconviction relief, Monroe claimed that trial counsel had been ineffective in failing to assert, as an affirmative defense, that there was no sign posted identifying Guardian Angels as a licensed child care facility.[2] Section 893.13(l)(c), Florida Statutes (2009), makes it unlawful for any person to sell, or possess within intent to sell, a controlled substance in, on, or within 1000 feet of the real property comprising a child care facility. A subsequent section in that statute creates an exception:
*1050 This paragraph does not apply to a child care facility unless the owner or operator of the facility posts a sign that is not less than 2 square feet in size with a word legend identifying the facility as a licensed child care facility and that is posted on the property of the child care facility in a conspicuous place where the sign is reasonably visible to the public.
In summarily denying relief, the trial court held that Monroe’s claim was conclusively refuted by the record because trial counsel had moved, albeit unsuccessfully, for a judgment of acquittal based on the State’s alleged failure to present evidence that the child care facility did not have a sign indicating it as such. In denying Monroe’s motion for judgment of acquittal, the trial court accepted the State’s argument that the alleged lack of signage was a defense to be shown by the defendant, not an element of the offense required to be proven by the State.[3] Accordingly, the denial of the motion for judgment of acquittal was not a determination of whether counsel had been ineffective in failing to raise the affirmative defense.
Because the trial court denied relief based on the erroneous conclusion that the claim made in Monroe’s postconviction motion had been raised (and ruled upon) at the original trial, we reverse. See, e.g., Hale v. State, 864 So.2d 1125 (Fla. 2d DCA 2003) (holding that affirmance of defendant’s drug conviction on direct appeal without written opinion did not serve as procedural bar to raising ineffective assistance claims in postconviction motion; direct appeal did not resolve issue as to whether trial counsel was ineffective for having failed to establish affirmative defense that no sign was posted identifying facility, within 1000 feet of which defendant allegedly delivered cocaine, as a child care facility). On remand, the trial court must either attach portions of the record that conclusively refute Monroe’s claim or conduct an evidentiary hearing and resolve it.
REVERSED and REMANDED.
PALMER and JACOBUS, JJ., concur.

. His convictions were per curiam affirmed by this court. See Monroe v. State, 59 So.3d 1153 (Fla. 5th DCA 2011).

. Monroe raised several claims in his motion for postconviction relief; however, on appeal, he sought review only of the denial of his claim that trial counsel had been ineffective in asserting the "lack of a sign” defense.

. The State’s argument finds support in State v. Robarge, 450 So.2d 855, 856 (Fla. 1984), State v. Thompson, 390 So.2d 715, 716 (Fla. 1980), State v. Buchman, 361 So.2d 692, 694 (Fla.1978), and Baeumel v. State, 26 Fla. 71, 7 So. 371, 372 (1890), where the Florida Supreme Court held that, as a general rule, if there is an exception within the enabling clause defining a crime, the State must prove the defendant is not within the exception; however, if the exception is in a subsequent clause or subsequent statute, it is a matter of defense to be shown by the defendant.