# Supreme Court of Florida

_____

No. SC16-737

_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT NO. 2016-02.**

[August 25, 2016]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to the standard jury

instructions and asks that the Court authorize the new and amended standard

instructions for publication and use. We have jurisdiction. See art. V, § 2(a), Fla.

Const.

The Committee proposes amending the following existing standard criminal

jury instructions: 3.12 (Verdict); and 27.1 (Escape). In addition, the Committee

proposes the following new standard criminal jury instructions: 2.8 (Recorded

Interview (Effect of Law Enforcement Statements on the Defendant)); 11.22

(Giving Obscene Material to a Minor); 20.22 (Unlawful Filing of False

[Documents] [Records] Against [Real] [Personal] Property); 22.17 (Unlawful

Operation of a Drawing by Chance); and 22.18 (Unlawful Operation of a Game Promotion). The Committee published its proposals in The Florida Bar News. Two comments were received by the Committee, and the Committee received a telephone call from a former member of the Committee. Based upon one of the comments and the telephone call, the Committee revised its proposals to instructions 2.8 and 11.22. The Committee also revised its proposal to instruction 3.12 post-publication. The Court did not publish the proposals after they were filed.

The more significant changes to the standard criminal jury instructions are discussed below. First, new instruction 2.8 is a standard limiting instruction to cover police opinions in a recorded interview with a defendant. The instruction explains to jurors that they are about to watch or hear a recorded interview containing opinions and statements from a law enforcement officer to the defendant. Jurors will then be instructed that these assertions or opinions are not to be considered for their truth, but are only pertinent to explain the reactions or responses of the defendant.

Next, existing instruction 3.12 is amended to clarify that upon certain counts a defendant may be found guilty of more than one lesser-included offense. In addition, the sample verdict form pertaining to death penalty cases was removed,

because the form is no longer usable in light of the amendment to the death penalty statute, section 921.141, by virtue of chapter 2016-13, section 13, Laws of Florida.

Next, the amendment to existing instruction 27.1 covers the circumstance when a defendant escapes from a work release program. The new alternative element, 2(d), requires a jury to find that, at the time of the offense, the defendant was participating in a work release program and either willfully failed to return to his or her place of confinement within the time prescribed or willfully failed to remain within the extended limits of his or her confinement. In addition, the word "Attempted" is added in brackets in the title of the offense, "Escape." Finally, the phrase "attempted to escape by (read overt act from charge)" is placed in brackets within element 3 because case law provides that the offense of Attempted Escape is a criminal violation distinct from Escape.

The remaining amendments to the standard jury instructions are straightforward and generally track the language of the offenses instructed upon.

Having considered the Committee's report and the comments submitted to the Committee, we authorize for publication and use the standard jury instructions as proposed by the Committee.

The new and amended criminal jury instructions, as set forth in the appendix to this opinion, are hereby authorized for publication and use.[1] New language is indicated by underlining, and deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

---

1. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge Frederic Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Barton Neil Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

    for Petitioner

# APPENDIX

## 2.8   RECORDED INTERVIEW (EFFECT OF LAW ENFORCEMENT STATEMENTS ON THE DEFENDANT)

*Police opinions and statements regarding guilt are generally inadmissible and must be redacted from recordings introduced into evidence unless redaction would render the defendant's relevant admissions incomprehensible. If a recorded interview cannot be appropriately redacted, the trial judge must, upon request, give the following limiting instruction immediately before the recorded interview is played for the jury.*

**You are about to [hear] [watch] a recorded interview that contains opinions and statements by** (name of law enforcement officer(s)) **to** (defendant)**. These opinions and statements are pertinent only to explain the reactions and responses they elicit. You are not to consider these opinions and statements by the police officer as true, but only to establish the context of** (defendant's) **reactions and responses.**

*Jackson v. State, 107 So. 3d 328 (Fla. 2012); Sheppard v. State, 151 So. 3d 1154 (Fla. 2014); Dubria v. Smith, 224 F.3d 995 (9th Cir. 2000); Jackson v. State, 18 So. 3d 1016 (Fla. 2009); and McWatters v. State, 36 So. 3d 613 (Fla. 2010).*

### Comment

This instruction was adopted in 2016.

## 3.12 VERDICT

**You may find the defendant guilty as charged in the [information] [indictment] or guilty of such lesser included crime[s] as the evidence may justify or not guilty.**

**If you return a verdict of guilty, it should be for the highest offense which has been proven beyond a reasonable doubt. If you find that no offense has been proven beyond a reasonable doubt, then, of course, your verdict must be not guilty.**

**The verdict must be unanimous, that is, all of you must agree to the same verdict. Only one verdict may be returned as to [the crime] [each crime] charged [, except as to Count** (insert number)**, where the defendant can be found guilty of more than one lesser included crime]. The verdict must be in writing and for your convenience the necessary verdict form[s] [has] [have] been prepared for you. [It is] [They are] as follows** (read verdict form(s))**:**

*In cases of multiple defendants or multiple charges, give 3.12(a), (b), or (c) as applicable.*

~~*The giving of an instruction as to the verdict can be avoided by the use of a self-executing verdict form. The judge can read the verdict form to the jury, explaining it as [he] [she] goes.*~~ *A sample of possible verdict forms for typical variables in combinations of defendants and charges follows:*

1.      Verdict form for single count, single defendant.

We, the jury, find as follows, as to the defendant in this case: (check only one)
\_\_\_a.      The defendant is guilty of (crime charged).
\_\_\_b.      The defendant is guilty of (a lesser included offense).
\_\_\_c.      The defendant is not guilty.

2.      Verdict form for multiple counts, single defendant.

We, the jury, find as follows, as to Count I of the charge: (check only one as to this count)
\_\_\_a.      The defendant is guilty of (crime charged).
\_\_\_b.      The defendant is guilty of (a lesser included offense).
\_\_\_c.      The defendant is not guilty.
We, the jury, find as follows, as to Count II of the charge: (check only one as to this count)
\_\_\_a.      The defendant is guilty of (crime charged).
\_\_\_b.      The defendant is guilty of (a lesser included offense).
\_\_\_c.      The defendant is not guilty.

3.      Verdict form if a count is a crime where the defendant can be guilty of more than one lesser included offense.

We, the jury, find as follows, as to Count (insert number) of the charge:

___a.    The defendant is guilty of (crime charged).

(If the defendant is not guilty of the main charge, then proceed to the lesser included offenses):

___b.    The defendant is guilty of lesser included offense(s). (check as many lesser included offenses as apply)

    ___    The defendant is guilty of (lesser included offense).

    ___    The defendant is guilty of (lesser included offense).

    ___    The defendant is guilty of (lesser included offense).

    ___    The defendant is guilty of (lesser included offense).

(If the defendant is not guilty of the main charge or any lesser included offenses, then proceed to not guilty):

___c.    The defendant is not guilty.

*Use separate verdict for each defendant.*

3~~4~~. Verdict form for multiple counts, multiple defendants.

We, the jury, find as to the defendant, (name of defendant), as follows:

    As to Count I: (check only one as to this count)

___a.    The defendant is guilty of (crime charged).

___b.    The defendant is guilty of (a lesser included offense).

___c.    The defendant is not guilty.

    As to Count II: (check only one as to this count)

___a.    The defendant is guilty of (crime charged).

___b.    The defendant is guilty of (a lesser included offense).

___c.    The defendant is not guilty.

~~4.~~ ~~Verdict form in capital cases, proceeding.~~

~~___a.~~ ~~We recommend the defendant be sentenced to life imprisonment without the possibility of parole.~~

*~~Give 4b for offenses occurring before May 25, 1994.~~*

~~___b.~~ ~~We recommend the defendant be sentenced to life imprisonment without the possibility of parole for 25 years.~~

~~___c.~~ ~~We recommend, by a vote of _____, that the defendant be sentenced to death.~~

5. Verdict form when insanity is a defense.

___a.    The defendant is guilty of (crime charged).

\_\_\_b.    The defendant is guilty of (a lesser included offense).
\_\_\_c.    The defendant is not guilty.
\_\_\_d.    The defendant is not guilty because legally insane.

~~**You may find the defendant guilty as charged in the [information] [indictment] or guilty of such lesser included crime as the evidence may justify or not guilty.**~~

~~**If you return a verdict of guilty, it should be for the highest offense which has been proven beyond a reasonable doubt. If you find that no offense has been proven beyond a reasonable doubt, then, of course, your verdict must be not guilty.**~~

~~**Only one verdict may be returned as to [the crime] [each crime] charged. This verdict must be unanimous, that is, all of you must agree to the same verdict. The verdict must be in writing and for your convenience the necessary forms of verdict have been prepared for you. They are as follows**~~ ~~(read verdict forms)~~**:**

~~*In cases of multiple defendants or multiple charges, give 3.12(a), (b), or (c) as applicable.*~~

## Comments

For compounded offenses, such as Burglary with an Assault, the jury can convict on two lesser-included offenses. See *Gian-Grasso v. State*, 899 So. 2d 392 (Fla. 4th DCA 2005).

This verdict form was adopted in 1981 and was amended in October 1981, ~~and~~ December 1995, and 2016.


## 11.22  GIVING OBSCENE MATERIAL TO A MINOR
### § 847.0133, Fla. Stat.

**To prove the crime of Giving Obscene Material to a Minor, the State must prove the following element beyond a reasonable doubt:**

(Defendant) **knowingly [sold] [rented] [loaned] [gave away] [distributed] [transmitted] [showed] obscene material to a person under the age of 18 years.**

*Definitions.*
*§ 847.012(1), Fla. Stat.*
**"Knowingly" means having the general knowledge of, reason to know, or a belief or ground for belief which warrants further inspection or inquiry of both:**
  (a)      **The character and content of any material described in this section which is reasonably susceptible of examination by the defendant; and**
  (b)      **The age of the minor.**

*§ 847.0133(1), Fla. Stat.*
**"Obscene Material" means any obscene book, magazine, periodical, pamphlet, newspaper, comic book, story paper, written or printed story or article, writing paper, card, picture, drawing, photograph, motion picture film, figure, image, videotape, videocassette, phonograph record, or wire or tape or other recording, or any written, printed, or recorded matter of any such character which may or may not require mechanical or other means to be transmuted into auditory, visual or sensory representations of such character, or any article or instrument for obscene use, or purporting to be for obscene use or purpose.**

*§ 847.001(10), Fla. Stat.*
**"Obscene" means the status of material which:**
  (a)      **The average person, applying contemporary community standards, would find, taken as a whole, appeals to the prurient interest;**
  (b)      **Depicts or describes, in a patently offensive way, sexual conduct; and**
  (c)      **Taken as a whole, lacks serious literary, artistic, political, or scientific value.**

*§ 847.001(16), Fla. Stat.*
**"Sexual conduct" means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female,**

**breast with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed.**

*Give if applicable.*
*§ 847.001(5), Fla. Stat.*
**"Deviate sexual intercourse" means sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and the penis, or the mouth and the vulva.**

*§ 847.001(13), Fla. Stat.*
**"Sadomasochistic abuse" means flagellation or torture by or upon a person or animal, or the condition of being fettered, bound, or otherwise physically restrained, for the purpose of deriving sexual satisfaction, or satisfaction brought about as a result of sadistic violence, from inflicting harm on another or receiving such harm oneself.**

*§ 847.001(14), Fla. Stat.*
**"Sexual battery" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, "sexual battery" does not include an act done for a bona fide medical purpose.**

*§ 847.001(15), Fla. Stat.*
**"Sexual bestiality" means any sexual act, actual or simulated, between a person and an animal involving the sex organ of the one and the mouth, anus, or vagina of the other.**

*§ 847.001(19), Fla. Stat.*
**"Simulated" means the explicit depiction of sexual conduct which creates the appearance of such conduct and which exhibits any uncovered portion of the breasts, genitals, or buttocks.**

*§ 847.001(10), Fla. Stat.*
**A mother's breastfeeding of her baby is not under any circumstance "obscene."**

| GIVING OBSCENE MATERIAL TO A MINOR — 847.0133 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

**Comment**

This instruction was adopted in 2016.

**20.22 UNLAWFUL FILING OF FALSE [DOCUMENTS] [RECORDS] AGAINST [REAL] [PERSONAL] PROPERTY**
§ 817.535(2), Fla. Stat.

**To prove the crime of Unlawful Filing of False [Documents] [Records] Against [Real] [Personal] Property, the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **[filed] [or] [directed a filer to file] an instrument.**

2. **At the time,** (defendant) **had the intent to defraud or harass another.**

3. **The instrument contained a materially false, fictitious or fraudulent statement or representation that purported to affect an owner's interest in the property described in the instrument.**

*Enhancements. Give if applicable.*
*§ 817.535(3), Fla. Stat.*
**If you find** (defendant) **guilty of Unlawful Filing of False [Documents] [Records] Against [Real] [Personal] Property, you must also determine if the State proved beyond a reasonable doubt that the owner of the property subject to the false instrument was a public officer or employee.**

*§ 817.535(4), Fla. Stat.*

**If you find** (defendant) **guilty of Unlawful Filing of False [Documents] [Records] Against [Real] [Personal] Property, you must also determine if the State proved beyond a reasonable doubt that** (defendant) **committed the crime while [incarcerated in a jail or correctional institution] [participating in a pretrial diversion program under any form of pretrial release or bond] [on probation or parole] [under any postrelease supervision].**

*§ 817.535(5), Fla. Stat.*

**If you find** (defendant) **guilty of Unlawful Filing of False [Documents] [Records] Against [Real] [Personal] Property, you must also determine if the State proved beyond a reasonable doubt that the owner of the property covered by the false instrument incurred financial loss as a result of the instrument being recorded in the official record. Financial loss includes costs and attorney fees incurred in correcting, sealing, or removing the false instrument from the official record.**

*Definitions. Give as applicable.*
*§ 817.535(1)(a), Fla. Stat.*

**"File" means to present an instrument for recording in an official record or to cause an instrument to be presented for recording in an official record.**

*§ 817.535(1)(b), Fla. Stat.*

**"Filer" means the person who presents an instrument for recording in an official record or causes an instrument to be presented for recording in an official record.**

*§ 817.535(1)(c), Fla. Stat.*

**"Instrument" means any judgment, mortgage, assignment, pledge, lien, financing statement, encumbrance, deed, lease, bill of sale, agreement, mortgage, notice of claim of lien, notice of levy, promissory note, mortgage note, release, partial release or satisfaction of any of the foregoing, or any other document that relates to or attempts to restrict the ownership, transfer, or encumbrance of or claim against real or personal property, or any interest in real or personal property.**

*§ 817.535(1)(d), Fla. Stat.*

**"Official Record" means the series of instruments, regardless of how they are maintained, which a clerk of the circuit court, or any person or entity designated by general law, special law, or county charter is required or authorized by law to record. The term also includes a series of instruments pertaining to the Uniform Commercial Code filed with the Secretary of State or with any entity under contract with the Secretary of State to maintain Uniform Commercial Code records and a database of judgment liens maintained by the Secretary of State.**

*§ 817.535(1)(e), Fla. Stat.*
**"Public officer or employee" means, but is not limited to:**

1.      **A person elected or appointed to a local, state, or federal office, including any person serving on an advisory body, board, commission, committee, council, or authority.**

2.      **An employee of a state, county, municipal, political subdivision, school district, educational institution, special district agency or entity, including judges, attorneys, law enforcement officers, deputy clerks of court, and marshals.**

3.      **A state or federal executive, legislative, or judicial officer, employee or volunteer authorized to perform actions or services for any state or federal executive, legislative or judicial office or agency.**

4.      **A person who acts as a general or special magistrate, auditor, arbitrator, umpire, referee, hearing officer, or consultant to any state or local governmental entity.**

5.      **A person who is a candidate for public office or judicial position.**

*§ 817.535(2)(b), Fla. Stat.; State v. Harbaugh, 754 So. 2d 691 (Fla. 2000).*
*Give in the second part of a bifurcated proceeding if the defendant is charged with having a prior violation of § 817.535(2)(a), Fla. Stat.*

**Now that you have found** (defendant) **guilty of Unlawful Filing of False [Documents] [Records] Against [Real] [Personal] Property, you must determine whether the State proved beyond a reasonable doubt that [he] [she] has committed the offense of Unlawful Filing of False [Documents] [Records] Against [Real] [Personal Property] a second or subsequent time.**

## Lesser Included Offenses

| UNLAWFUL FILING OF FALSE [DOCUMENTS] [RECORDS] AGAINST [REAL] [PERSONAL] PROPERTY — 817.535(2) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

## Comments

A special instruction will be necessary in the event the position held by the alleged public officer or employee is not listed within § 817.535(1)(e), Fla. Stat.

According to § 817.535(6), Fla. Stat., a person who fraudulently records a claim of lien in the official records pursuant to part I of chapter 713 is subject to the fraud provisions of § 713.31, Fla. Stat., and not § 817.535(6), Fla. Stat.

This instruction was adopted in 2016.

## 22.17  UNLAWFUL OPERATION OF A DRAWING BY CHANCE
§ 849.0935(4) and § 849.0935(7), Fla. Stat.

**To prove the crime of Unlawful Operation of a Drawing by Chance, the State must prove the following three elements beyond a reasonable doubt:**

**1.** (Defendant) **was [an organization] [a bona fide member or officer of an organization].**

**2.** (Defendant) **[promoted] [conducted] [operated] a drawing by chance.**

*Give one or more as applicable. § 849.0935(4)(a)–(4)(i), Fla. Stat.*

**3.** (Defendant)

    **a.** **[designed] [engaged in] [promoted] [conducted] the drawing in which the selection of the winners was [in any way rigged] [predetermined by means of matching, instant win, preselected sweepstakes, or otherwise].**

    **b.** **required an entry fee, donation, substantial consideration, payment, proof of purchase, or contribution as a condition of entering the drawing or being selected to win a prize.**

    **c.** **conditioned the drawing on a minimum [number of tickets having been disbursed to contributors] [or] [amount of contributions having been received].**

    **d.** **[[arbitrarily removed] [disqualified] [disallowed] [or] [rejected] any entry in the drawing] [or] [discriminated in any manner in the drawing between entrants who gave contributions to the organization and those who did not give such contributions].**

    **e.** **failed to promptly notify, at the address set forth on the entry blank, any person whose entry was selected to win, of the fact that the person won the drawing.**

    **f.** **failed to award all prizes offered in the drawing.**

    **g.** **printed, published, or circulated literature or advertising material used in connection with the drawing which was false, deceptive, or misleading.**

    **h.** **cancelled the drawing.**

**i.** conditioned the acquisition or giveaway of any prize in the drawing upon the receipt of voluntary donations or contributions.

*§ 849.0935(7), Fla. Stat.*
**j.** [sold] [offered for sale] in this state a ticket or entry blank for a raffle or other drawing by chance that did not conspicuously disclose in a [brochure] [advertisement] [notice] [ticket] [or] [entry blank], the date, hour, and place where the winner would be chosen and the prizes would be awarded, unless the [brochure] [advertisement] [notice] [ticket] [or] [entry blank] [was] [were] not offered to the public more than 3 days prior to the drawing.

*Give if jurors are instructed on element #3b. § 849.0935(4)(b), Fla. Stat.*
**It is lawful for an organization to suggest a minimum donation or to include a statement of a suggested minimum donation on any printed material utilized in connection with the fundraising event or drawing.**

*Definitions. Give as applicable.*
*§ 849.0935(1)(b), Fla. Stat.*
**"Organization" means an organization which is exempt from federal income taxation pursuant to 26 U.S.C. 501(c)(3), (4), (7), (8), (10), or (19), and which has a current determination letter stating that it is exempt from the Internal Revenue Service, and its bona fide members or officers.**

*§ 849.0935(1)(a), Fla. Stat.*
**"Drawing by Chance," "drawing," or "raffle" means an enterprise in which, from the entries submitted by the public to the organization conducting the drawing, one or more entries are selected by chance to win a prize.**

**The term "drawing" does not include those enterprises, commonly known as "game promotions," "matching," "instant winner," or "preselected sweepstakes," which involve the distribution of winning numbers, previously designated as such, to the public.**

- 17 -

*§ 849.094(1)(a), Fla. Stat.*
**"Game promotion" means, but is not limited to, a contest, game of chance, sweepstakes, or gift enterprise, conducted by an operator in connection with and incidental to the sale of consumer products or services, and in which the elements of chance and prize are present. [However, "game promotion" does not apply to bingo games.]**

*§ 849.094(1)(b), Fla. Stat.*
**"Operator" means a retailer who operates a game promotion or any person, firm, corporation, organization, or association or agent or employee thereof who promotes, operates, or conducts a nationally advertised game promotion.**

## Lesser Included Offenses

| UNLAWFUL OPERATION OF A DRAWING BY CHANCE — 849.0935(4) and 849.0935(7) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| None | | | |
| | Attempt or Solicitation or Conspiracy | 777.04 | 5.1 or 5.2 or 5.3 |

## Comments

The crime described in the second sentence in § 849.0935(7), Fla. Stat., does not require the defendant to be either an organization or a bona fide member or officer of an organization. If the State filed charges under that provision of the statute against a person who was unrelated to an organization, this instruction should be amended so that jurors are instructed only on element #3j.

The statute does not prohibit an organization conducting the drawing from limiting the number of tickets distributed to each drawing entrant. See § 849.0935(5), Fla. Stat.

Pursuant to § 849.0935(2), Fla. Stat., the lottery laws in § 849.09, Fla. Stat., do not prohibit an organization from conducting drawings by chance if the organization complied with all applicable provisions of chapter 496 and § 849.0935, Fla. Stat.

This instruction was adopted in 2016.

## 22.18   UNLAWFUL OPERATION OF A GAME PROMOTION
§ 849.094(2), Fla. Stat.

**To prove the crime of Unlawful Operation of a Game Promotion, the State must prove the following two elements beyond a reasonable doubt:**

**1.**      (Defendant) **was an operator of a game promotion.**

*Give one or more as applicable. § 849.094(2)(a)–(2)(e), Fla. Stat.*
**2.**      (Defendant)

   **a.      designed, engaged in, promoted, or conducted a game promotion, in connection with the promotion or sale of consumer products or services, wherein [the winner could be predetermined] [or] [the game could be manipulated or rigged so as to allocate a winning game or [any portion thereof to certain lessees, agents, or franchises] [or] [part thereof to a particular period of the game promotion or to a particular geographic area]].**

   **b.      arbitrarily removed, disqualified, disallowed, or rejected any entry in the game promotion.**

   **c.      failed to award prizes offered in the game promotion.**

   **d.      printed, published, or circulated literature or advertising material used in connection with the game promotion that was false, deceptive, or misleading.**

   **e.      required an entry fee, payment, or proof of purchase as a condition of entering the game promotion.**

*Definitions.*
*§ 849.094(1)(b), Fla. Stat.*
**"Operator" means a retailer who operates a game promotion or any person, firm, corporation, organization, or association or agent or employee thereof who promotes, operates, or conducts a nationally advertised game promotion.**

*§ 849.094(1)(a), Fla. Stat.*
**"Game promotion" means, but is not limited to, a contest, game of chance, sweepstakes, or gift enterprise, conducted by an operator within or throughout the state and other states in connection with and incidental to the sale of consumer products or services, and in which the elements of chance and prize are present. [However, a "game promotion" does not apply to bingo games.]**

**"Prize" means money, property of any kind, or any other thing of value, or anything that could be exchanged for something of value, or to obtain a credit of value.**

**Lesser Included Offenses**

| UNLAWFUL OPERATION OF A GAME PROMOTION — 849.094(2) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt or Solicitation or Conspiracy | 777.04 | 5.1 or 5.2 or 5.3 |

**Comments**

Pursuant to § 849.094(10), Fla. Stat., this "game promotion" statute does not apply to actions or transactions regulated by the Department of Business and Professional Regulation or to any other organization engaged in any enterprise other than the sale of consumer products or services or to television or radio broadcasting companies licensed by the Federal Communications Commission.

This instruction was adopted in 2016.

# 27.1 [ATTEMPTED] ESCAPE
§ 944.40, Fla. Stat.
(including § 945.091(4), Fla. Stat. and § 951.24(4), Fla. Stat.)

**To prove the crime of [Attempted] Escape, the State must prove the following three elements beyond a reasonable doubt:**

*Give 1a or 1b as applicable. Element 1a is applicable when a defendant was under arrest, including when arrested but prior to conviction. Element 1b is applicable when a defendant was confined in a prison, jail, private correctional facility, road camp, or other penal institution after being convicted.*

1.      (Defendant) **was**

      a.      **under arrest and in the lawful custody of a law enforcement official.**

      b.      **convicted of a crime and sentenced to a term of imprisonment and committed to** (institution alleged) **by a court.**

*Give 2a, 2b, ~~or~~ 2c, or 2d as applicable.*

2.      **While a prisoner,** (defendant) **was**

      a.      **confined at** (name of institution)**.**

      b.      **being transported to or from a place of confinement.**

      c.      **working on a public road.**

      d.      **participating in a work release program and**

            1.      **willfully failed to return to [his] [her] place of confinement within the time prescribed**

            **or**

**2.      willfully failed to remain within the extended limits of [his] [her] confinement.**

**3.**      (Defendant) **[escaped]** ~~or~~ **[attempted to escape by** (read overt act from charge)**] intending to avoid lawful confinement.**

*Give if requested and applicable. See Kearse v. State, 662 So. 2d 677 (Fla. 1995) and Applewhite v. State, 874 So. 2d 1276 (Fla. 5th DCA 2004).*

*Definitions.*
**"Transportation to a place of confinement" begins at the time an individual is placed under arrest.**

**An "arrest" takes place when the arresting officer intends to arrest; the arresting officer actually or constructively seizes the person to be arrested; the officer's intent to arrest is communicated by the arresting officer to the person to be arrested; and the person to be arrested understands that communication. An "arrest" does not require that the law enforcement officer complete the act of acquiring total physical control over the person to be arrested.**

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comment

This instruction was adopted in 1981 and amended in 1989, ~~and~~ 2007 [962 So. 2d 310], and 2016.