# Supreme Court of Florida

_____

No. SC19-1806
_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2019-11.**

February 27, 2020

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to the standard jury

instructions and asks that the Court authorize the amended standard instructions for

publication and use. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

The Committee proposes amending instructions 3.12 (Verdict), 8.26 (Sexual

Cyberharassment), 11.21 (Transmission of Material Harmful to Minors by

Electronic Device or Equipment), and 27.1 ([Attempted] Escape). The Committee

published the proposals in *The Florida Bar News*. One comment was received,

from the Florida Public Defender Association (FPDA), pertaining to three of the

four above-listed instructions.[1]  The Court did not publish the proposals.

Having considered the Committee's report and the FPDA's comment, we authorize the Committee's proposals to the instructions herein at issue for publication and use.  Some of the more significant changes to the instructions are discussed below.

Instruction 3.12 is amended to remove the reference to "information" and "indictment" while retaining language that the jury may find the defendant guilty as charged or of a lesser-included crime.  In addition, the instruction is amended to provide that if the case involves one or more lesser-included offenses, the second paragraph, stating, "If you return a verdict of guilty, it should be for the highest offense on the verdict form [for each count] that has been proven beyond a reasonable doubt.  If you find that no offense has been proven beyond a reasonable doubt, then, of course, your verdict must be not guilty," should be given.

Instruction 8.26 is amended to reflect that the offense of sexual cyberharassment may be committed by "dissemination" of a sexually explicit image of the victim through electronic means, and that the publication or dissemination was contrary to the victim's reasonable expectation of privacy.  The instruction is further amended to include the definition of "personal identification

_____

1. Two of the FPDA's suggested changes to two of the instructions, as proposed, were technical.

information" as provided by section 784.049(2)(b), Florida Statutes (2019), and a citation to section 784.049(2)(c) is included for "reasonable expectation of privacy."

Instruction 27.1 is rewritten to reorganize the elements and also includes "released on furlough" in accord with an amendment to section 944.40, Florida Statutes (2019), by chapter 2019-167, section 54, Laws of Florida.

The amended criminal jury instructions, as set forth in the appendix to this opinion, are hereby authorized for publication and use.[2] New language is indicated by underlining, and deleted language is indicated by struck-through type. We caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal

---

2. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org/jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

correctness of the instructions. The instructions as set forth in the appendix shall

become effective immediately upon the release of this opinion.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ.,
concur.

NO MOTION FOR REHEARING WILL BE ALLOWED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in
Criminal Cases

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury
Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff
Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

# APPENDIX

## 3.12 VERDICT

**You may find the defendant guilty as charged** ~~in the [information]~~ ~~[indictment]~~ **[or guilty of such lesser included crime[s] as the evidence may justify] or not guilty.**

**<u>*</u>[If you return a verdict of guilty, it should be for the highest offense <u>on the verdict form [for each count]</u> that has been proven beyond a reasonable doubt. If you find that no offense has been proven beyond a reasonable doubt, then, of course, your verdict must be not guilty.]**

**The verdict must be unanimous, that is, all of you must agree to the same verdict. Only one verdict may be returned as to [the crime] [each crime] charged [, except as to Count** (insert number)**, where the defendant can be found guilty of more than one lesser included crime]. The verdict must be in writing and for your convenience the necessary verdict form[s] [has] [have] been prepared for you. [It is] [They are] as follows (read verdict form(s)):**

*Give if State is proceeding on both theories of First Degree Murder (premeditated and felony murder). Mansfield v. State, 911 So. 2d 1160 (Fla. 2005).*
**If you return a verdict of guilty to the charge of First Degree Murder, it is not necessary that all of you agree the State proved First Degree Premeditated Murder and it is not necessary that all of you agree the State proved First Degree Felony Murder. Instead, what is required is that all of you agree the State proved either First Degree Premeditated Murder or First Degree Felony Murder.**

*In cases of multiple defendants or multiple charges, give 3.12(a), (b), or (c) as applicable.*

*A sample of possible verdict forms for typical variables in combinations of defendants and charges follows:*

1.     Verdict form for single count, single defendant.
       We, the jury, find as follows, as to the defendant in this case: (check only one)

_____a. The defendant is guilty of (crime charged).
_____b. The defendant is guilty of (a lesser included offense).
_____c. The defendant is not guilty.

2.      Verdict form for multiple counts, single defendant.

We, the jury, find as follows, as to Count I of the charge: (check only one as to this count)
_____a. The defendant is guilty of (crime charged).
_____b. The defendant is guilty of (a lesser included offense).
_____c. The defendant is not guilty.
We, the jury, find as follows, as to Count II of the charge: (check only one as to this count)
_____a. The defendant is guilty of (crime charged).
_____b. The defendant is guilty of (a lesser included offense).
_____c. The defendant is not guilty.

3.      Verdict form if a count is a crime where the defendant can be guilty of more than one lesser included offense.
We, the jury, find as follows, as to Count (insert number) of the charge:
_____a. The defendant is guilty of (crime charged).
(If the defendant is not guilty of the main charge, then proceed to the lesser included offenses):
_____b. The defendant is guilty of lesser included offense(s). (check as many lesser included offenses as apply)
_____ The defendant is guilty of (lesser included offense).
_____ The defendant is guilty of (lesser included offense).
_____ The defendant is guilty of (lesser included offense).
_____ The defendant is guilty of (lesser included offense).
(If the defendant is not guilty of the main charge or any lesser included offenses, then proceed to not guilty):
_____c. The defendant is not guilty.

*Use separate verdict for each defendant.*
4.      Verdict form for multiple counts, multiple defendants.

We, the jury, find as to the defendant, (name of defendant), as follows:

As to Count I: (check only one as to this count)

___a. The defendant is guilty of (crime charged).

___b. The defendant is guilty of (a lesser included offense).

___c. The defendant is not guilty.

As to Count II: (check only one as to this count)

___a. The defendant is guilty of (crime charged).

___b. The defendant is guilty of (a lesser included offense).

___c. The defendant is not guilty.

5. Verdict form when insanity is a defense.

___a. The defendant is guilty of (crime charged).

___b. The defendant is guilty of (a lesser included offense).

___c. The defendant is not guilty.

___d. The defendant is not guilty because legally insane.

*Read if applicable. Special finding forms #6 and #7 below refer to §
775.087,*
*Fla. Stat. There are other statutes requiring special findings.*
**In addition to the verdict form[s], there [is] [are] [a] Special Finding
form[s] for Count[s]** (insert number(s))**.**

6. Special finding form regarding § 775.087(1), Fla. Stat.

If you found the defendant guilty of (name of crime), you must then answer
the following question:

During the commission of the offense, did the defendant personally [carry]
[display] [use] [threaten to use] [attempt to use] a [weapon] [firearm]?

_____ Yes

_____ No

7. Special finding form regarding § 775.087(2), Fla. Stat.

If you found the defendant guilty of (name of crime), you must then answer the following question[s]:

1.  During the commission of the offense, did the defendant actually possess a [firearm] [destructive device]?

    _____ Yes

    _____ No

2.  During the commission of the offense, did the defendant personally discharge a [firearm] [destructive device]?

    _____ Yes

    _____ No

3.  During the commission of the offense and as a result of the discharge of the [firearm] [destructive device], was death caused to (victim)?

    _____ Yes

    _____ No

**Comments**

*This paragraph should be read if the case involves one or more lesser-included offenses.

This instruction must be amended if the defendant is relying on an insanity defense.

It is ~~highly~~ recommended that trial courts rely solely on the core offense in determining the order of lesser included offenses on a verdict form. Trial courts ~~should~~can then provide an interrogatory, separate from the verdict form for the core offense, for the jury to determine the existence of circumstances that can result in mandatory minimum sentences, sentence enhancements, or offense

reclassifications. In addition, interrogatories may be used for crimes such as burglary and robbery, in which the aggravating factor is part of the statute governing the substantive crime. *Sanders v. State*, 944 So. 2d 203 (Fla. 2006).

For compounded offenses, such as Burglary with an Assault, the jury can convict on two lesser-included offenses. *See Gian-Grasso v. State*, 899 So. 2d 392 (Fla. 4th DCA 2005).

This verdict form was adopted in 1981 and was amended in October 1981, December 1995, 2016 [199 So. 3d 234], ~~and~~ 2018 [244 So. 3d 157], and 2020.

## 8.26   SEXUAL CYBERHARASSMENT
§ 784.049(3), Fla. Stat.

**To prove the crime of Sexual Cyberharassment, the State must prove the following ~~four~~five elements beyond a reasonable doubt:**

1.  (Defendant) **[published a sexually explicit image of** (victim) ~~on~~to an ~~i~~Internet website] [or] [disseminated a sexually explicit image of (victim) through electronic means to another person].**

2.  **The image contained or conveyed** (victim's) **personal identification information.**

3.  (Defendant) **did so willfully and maliciously, for no legitimate purpose, and with the intent of causing substantial emotional distress to** (victim).

4.  (Victim) **did not consent to the [publication] [or] [dissemination].**

5.  **The [publication] [or] [dissemination] was contrary to** (victim's) **reasonable expectation that the image would remain private.**

*Definitions.*
*§ 784.049(2)(d), Fla. Stat.*
**"Sexually explicit image" means any image depicting nudity or depicting any person engaging in sexual conduct.**

*§ 784.049(2)(a), Fla. Stat.*

**"Image"** includes but is not limited to, any photograph, picture, motion picture, film, video, or representation.

*§ 847.001(9), Fla. Stat.*
**"Nudity"** means showing of the human male or female genitals, pubic area, or buttocks with less than a fully opaque covering; or the showing of the female breast with less than a fully opaque covering of any portion thereof below the top of the nipple; or the depiction of covered male genitals in a discernibly turgid state. [A mother breastfeeding her baby does not under any circumstance constitute "nudity," irrespective of whether or not the nipple is covered during or incidental to feeding.]

*§ 847.001(16), Fla. Stat.*
*If necessary, insert additional definitions from § 847.001, Fla. Stat.*
**"Sexual conduct"** means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed. [A mother breastfeeding her baby does not under any circumstance constitute "sexual conduct."]

*§ 784.049(2)(b), ~~§ 817.568(1)(f),~~ Fla. Stat.*
**"Personal Identification Information"** means any ~~name or number that may be used, alone or in conjunction with any other information, to identify a specific person, including any name, postal or electronic mail address, telephone number, social security number, date of birth, mother's maiden name, official state or United States issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer's identification number, Medicaid or food stamp account number, bank account number, credit or debit card number or personal identification number or code assigned to the holder of a debit card by the issuer to permit authorized use of such card, unique biometric data such as fingerprint, voice print, retina or iris image, or other unique physical representation, unique electronic identification number, address, or routing code, medical record, telecommunication identifying information or access device, or other number or information that can be used to access a person's financial resources~~ <u>information that identifies an individual, and includes, but is not limited to, any name, postal or electronic mail address, telephone number, social security number, date of birth, or any unique physical representation.</u>

- 10 -

*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*
**"Willfully" means knowingly, intentionally and purposely.**

*Reasonable expectation of privacy. Give if applicable. § 784.049(2)(c), Fla. Stat.*
**Evidence that** (victim) **sent a sexually explicit image to another person does not, on its own, remove [his] [her] reasonable expectation of privacy for that image.**

*As of ~~October 2017~~September 2019, the courts had not determined whether the sexual cyberharassment statute requires actual malice or legal malice. The explanation of the two can be found in Seese v. State, 955 So. 2d 1145 (Fla. 4th DCA 2007). In the absence of clarification, trial judges must choose one of the following:*
**"Maliciously" means intentionally and without any lawful justification.**

**"Maliciously" means with ill will, hatred, spite, or an evil intent.**

### Lesser Included Offense

| SEXUAL CYBERHARASSMENT — 784.049(3) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT | INS. NO. |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

### Comments

As of ~~October 2017~~September 2019, it is unclear whether the existence of a prior violation should be treated as an element of the crime that must be found by the jury or whether a prior violation can be proven to the judge at sentencing.

If treated as an element, it would be error to inform the jury of a prior Sexual Cyberharassment conviction. Therefore, if the information or indictment contains an allegation of a prior Sexual Cyberharassment conviction, do not read the allegation and do not send the information or indictment into the jury room. If the defendant is found guilty of Sexual Cyberharassment, the historical fact of a previous conviction would be determined beyond a reasonable doubt in a bifurcated proceeding. *See State v. Harbaugh*, 754 So. 2d 691 (Fla. 2000).

As of ~~October 2017~~September 2019, the courts had not determined if a withhold of adjudication counted as a conviction.

This instruction was adopted in 2018 [238 So. 3d 192] and was amended in 2020.


## 11.21 TRANSMISSION OF MATERIAL HARMFUL TO MINORS BY ELECTRONIC DEVICE OR EQUIPMENT
§ 847.0138(2), Fla. Stat.

**To prove the crime of Transmission of Material Harmful to Minors by Electronic Device or Equipment, the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **knowingly sent an image, information or data that [he] [she] knew or believed to be "harmful to minors."**

2. (Defendant) **sent the image, information or data to a specific individual who was either actually known by [him] [her] to be a minor or believed by [him] [her] to be a minor.**

3. (Defendant) **sent the image, information or data via electronic mail.**

*Definitions. Give as applicable.*
*§ 847.001(6), Fla. Stat.*
**An image, information, or data that is "harmful to minors" means any reproduction, imitation, characterization, description, exhibition, presentation, or representation, of whatever kind or form, depicting nudity, sexual conduct, or sexual excitement when it:**

    (a) **Predominately appeals to a prurient, shameful, or morbid interest;**

    (b) **Is patently offensive to prevailing standards in the adult community as a whole with respect to what is suitable material or conduct for minors; and**

    (c) **Taken as a whole, is without serious literary, artistic, political, or scientific value for minors.**

**A mother's breastfeeding of her baby is not under any circumstance "harmful to minors."**

*Prurient Interest.*

A "prurient interest" in sex is a shameful or morbid interest in sex, nudity, or excretion. Material does not appeal to a prurient interest if the average person today can view the material candidly, openly, and with a normal interest in sex.

"Morbid interest" means diseased, dwelling on the gruesome, or sick.

*§ 847.001(8), Fla. Stat.*
"Minor" means any person less than 18 years of age.

*§ 847.001(9), Fla. Stat.*
"Nudity" means the showing of the human male or female genitals, pubic area, or buttocks with less than a fully opaque covering; or the showing of the female breast with less than a fully opaque covering of any portion thereof below the top of the nipple; or the depiction of covered male genitals in a discernibly turgid state. A mother's breastfeeding of her baby does not under any circumstance constitute "nudity," irrespective of whether or not the nipple is covered during or incidental to feeding.

*§ 847.001(16), Fla. Stat.*
"Sexual conduct" means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person's clothed or unclosed genitals, pubic area, buttocks, or, if such person is a female, breast with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed. A mother's breastfeeding of her baby does not under any circumstance constitute "sexual conduct."

*§ 847.001(19), Fla. Stat.*
"Simulated" means the explicit depiction of conduct described in the definition of "sexual conduct" which creates the appearance of such conduct and which exhibits any uncovered portion of the breasts, genitals, or buttocks.

*§ 847.001(5), Fla. Stat.*
"Deviate sexual intercourse" means sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and the penis, or the mouth and the vulva.

*§ 847.001(15), Fla. Stat.*

**"Sexual bestiality"** means any sexual act, actual or simulated, between a person and an animal involving the sex organ of the one and the mouth, anus, or vagina of the other.

*§ 847.001(13), Fla. Stat.*
**"Sadomasochistic abuse"** means flagellation or torture by or upon a person or animal, or the condition of being fettered, bound, or otherwise physically restrained, for the purpose of deriving sexual satisfaction, or satisfaction brought about as a result of sadistic violence, from inflicting harm on another or receiving such harm oneself.

*§ 847.001(14), Fla. Stat.*
**"Sexual Battery"** means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by a finger or any other object; however, **"sexual battery"** does not include an act done for a bona fide medical purpose.

*Give if applicable.*
**"Bona fide"** means genuine.

*Lakey v. State, 113 So. 3d 90 (Fla. 5th DCA 2013).*
**"An object"** includes a finger.

*§ 847.001(17), Fla. Stat.*
**"Sexual excitement"** means the condition of the human male or female genitals when in a state of sexual stimulation or arousal.

*Give if applicable. § 775.0862, Fla. Stat.*
*Reclassification for sexual offense against student by school authority figure.*
**If you find that** (defendant) **committed the crime of Transmission of Material Harmful to Minors by Electronic Device or Equipment, you must also determine whether the State has proved beyond a reasonable doubt that** (defendant) **was an authority figure at a school and** (victim) **was a student at the same school.**

**"Authority figure"** means a person 18 years of age or older who is employed by, volunteering at, or under contract with a school.

**"School"** means an organization of students for instructional purposes on an elementary, middle or junior high school, secondary or high school, [or other public school level authorized under the rules of the State Board of

**Education]. The term "school" does not include facilities dedicated exclusively to the education of adults.** *If needed, insert appropriate definitions from § 775.0862(1)(b), Fla. Stat. for "private school" or "voluntary prekindergarten education program" or "early learning program" or "public school as described in s. 402.3025(1)" or "the Florida School for the Deaf and the Blind" or the "Florida Virtual School" or the "K-8 Virtual School."*

**"Student" means a person younger than 18 years of age who is enrolled at a school.**

## Lesser Included Offenses

| TRANSMISSION OF MATERIAL HARMFUL TO MINORS BY ELECTRONIC DEVICE OR EQUIPMENT — 847.0138(2) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| ~~None~~Unlawful Use of a Two-way Communication Device | | 934.215 | 29.26 |
| | Attempt | 777.04(1) | 5.1 |

## Comment

This instruction was adopted in 2015 [163 So. 3d 478] and amended in 2018 [257 So. 3d 370], and 2020.

## 27.1 [ATTEMPTED] ESCAPE
§ 944.40, Fla. Stat.
(including § 945.091(4), Fla. Stat. and § 951.24(4), Fla. Stat.)

**To prove the crime of [Attempted] Escape, the State must prove the following ~~three~~two elements beyond a reasonable doubt:**

*~~Give 1a or 1b as applicable. Element 1a is applicable when a defendant was under arrest, including when arrested but prior to conviction. Element 1b is applicable when a defendant was confined in a prison, jail, private correctional facility, road camp, or other penal institution after being convicted.~~*
*Give as applicable.*
1.      (Defendant) **was a prisoner**

- 15 -

**a.  under arrest.**

**b.  convicted of a crime, sentenced to a term of imprisonment, and confined to a [prison] [jail] [private correctional facility] [road camp] [penal institution].**

**c.  being transported to or from a place of confinement.**

**d.  released on furlough from a [prison] [jail] [private correctional facility] [road camp] [penal institution].**

**e.  in a [prison] [jail] [private correctional facility] [road camp] [penal institution] and was [working on a public road] [participating in a work release program].**

~~a.      under arrest and in the lawful custody of a law enforcement official.~~

~~b.      convicted of a crime and sentenced to a term of imprisonment and committed to~~ (institution alleged) ~~by a court.~~

*~~Give 2a, 2b, 2c, or 2d as applicable.~~*
~~2.      While a prisoner,~~ (defendant) ~~was~~

~~a.  [confined at~~ (name of institution)~~.~~

~~b.  being transported to or from a place of confinement.~~

~~c.  working on a public road.~~

~~d.  participating in a work release program and~~

~~1.      willfully failed to return to [his] [her] place of confinement within the time prescribed~~

~~or~~

~~2.      willfully failed to remain within the extended limits of [his] [her] confinement.~~

~~3~~2.     (Defendant) ~~[escaped] [attempted to escape by~~ (read overt act from charge)~~] intending to avoid lawful confinement.~~
**a.  escaped,**

**b. attempted to escape by** (read overt act from charge)**,**
**c. willfully failed to return to [his] [her] place of confinement within the time prescribed,**
**d. willfully failed to remain within the extended limits of [his] [her] confinement,**
**intending to avoid confinement.**

*§ 944.02(6), Fla. Stat.*
**"Prisoner" means any person who is under civil or criminal arrest and in the lawful custody of any law enforcement official, or any person committed to or detained in any municipal or county jail or state prison, prison farm, or penitentiary, or to the custody of the Department of Corrections pursuant to lawful authority.**

*Give if requested and applicable. See Kearse v. State, 662 So. 2d 677 (Fla. 1995) and Applewhite v. State, 874 So. 2d 1276 (Fla. 5th DCA 2004).*

*Definitions.*
**"Transportation to a place of confinement" begins at the time an individual is placed under arrest.**

**An "arrest" takes place when the arresting officer intends to arrest; the arresting officer actually or constructively seizes the person to be arrested; the officer's intent to arrest is communicated by the arresting officer to the person to be arrested; and the person to be arrested understands that communication. An "arrest" does not require that the law enforcement officer complete the act of acquiring total physical control over the person to be arrested.**

### Lesser Included Offenses

No lesser included offenses have been identified for this offense.

### Comments

The State is not required to prove the technical correctness of the original arrest. *Marquez v. State*, 450 So. 2d 345, 345 (Fla. 2d DCA 1984). Once under legal incarceration, a defendant must avail himself of help through the court system, not self-help via an escape. *Lawson v. State*, 312 So. 2d 522, 524 (Fla. 4th DCA 1975).

This instruction was adopted in 1981 and amended in 1989, 2007 [962 So. 2d 310], and 2016 [199 So. 3d 234], and 2020.